Filed Nov. 24, 1890.

———————◆———————

No. 15,411.

## HUBER v. THE STATE.

CRIMINAL LAW.—*Rape.*—*Character of Resistance Necessary.*—Where a woman is not of unsound mind, and has reached the age fixed by law as that at which there is capacity to consent, the crime of rape is not made out unless it appears that there was actual resistance, or that resistance was prevented by violence, or restrained by fear. *Whitney* v. *State,* 35 Ind. 503, disapproved.

SAME.—*Evidence.*—In a prosecution for rape it was competent to prove that the prosecutrix came in a cheerful manner, and hand in hand with the accused, from the place where the rape was alleged to have been perpetrated. The testimony was competent as tending to authorize the inference that no outrage had been perpetrated, and also as affecting the credibility of the prosecutrix.

SAME.—*Impeachment of Witness.*—*Character of Accused.*—*How May Not be Attacked.*—It was not competent to impeach the witness so testifying by attempting to show that she had made a statement derogatory to the character of the defendant. Such a statement, if made, would not

126  185
134  655
126  185
139  538
126  185
144  257
126  185
168  623

tend to contradict her testimony. The opinion of a witness as to the character of an accused can not be given through the medium of an impeaching question, or that of impeaching evidence.

From the Tippecanoe Circuit Court.

*R. P. DeHart* and *W. C. Daly*, for appellant.

*L. T. Michener*, Attorney General, and *G. P. Haywood*, Prosecuting Attorney, for the State.

ELLIOTT, J.—The appellant was adjudged guilty of the crime of rape, and from that judgment prosecutes this appeal. There is evidence making it clear, beyond doubt, that the sexual intercourse charged in the indictment took place; but, while there is evidence warranting the conclusion that the act was forcibly committed, still the evidence is not of such a character as will justify us in sustaining the judgment, notwithstanding the intervention of erroneous rulings upon questions of evidence. In order to make out the crime of rape it is essential that the State should show, beyond a reasonable doubt, that there was actual resistance and opposition on the part of the woman, or that opposition and resistance were overcome by violence, or fear. Resistance, or opposition, by mere words is not enough; the resistance must be by acts, and must be reasonably proportionate to the strength and opportunities of the woman. Where, however, fear or violence overcomes resistance, a different rule applies. *Anderson* v. *State*, 104 Ind. 467; *People* v. *Dohring*, 59 N. Y. 374; *Strang* v. *People*, 24 Mich. 1; *Pollard* v. *State*, 2 Iowa, 567. The rule does not require that the woman shall do more than her age, strength, and the attendant circumstances make it reasonable for her to do in order to manifest her opposition; but this she must do or the offence is not rape. Statements in the case of *Whitney* v. *State*, 35 Ind. 503, which indicate, or assert, a doctrine opposed to that stated are not defensible, and can not be approved, for a stronger rule against the prosecution is there laid down than reason or authority warrants. The general rule stated does

Huber v. The State.

not apply where the female has not attained an age capable of consenting ; nor does it apply where the woman is insane. *Pomeroy* v. *State*, 94 Ind. 96.    It is no doubt proper to consider the age and strength of the woman, and her means and opportunities for resistance ; but where she is not of unsound mind, and has reached the age fixed by law as that at which there is capacity to consent, the crime is not made out unless it appears that there was actual resistance, or that resistance was prevented by violence, or restrained by fear.    We may, as citizens, regret that the age of consent has not been fixed at more than twelve years ; but sincerely as we may regret that a greater age has not been fixed, we can not, as a court, do otherwise than obey the law as it has been enacted by the law-making power.    The utmost that we can do is to assign the age of the female such weight as it is entitled to receive as a circumstance tending to show that such resistance as the law requires was made ; but assigning to the age of the prosecutrix all the weight we can possibly do, consistent with duty, we are still unable to affirm that errors occurring on the trial may be disregarded.    We do not deem it necessary to set forth the evidence, nor are we inclined to do so ; it is enough to say, that if the only question before us was as to the sufficiency of the evidence to sustain the verdict we should decline to interfere ; but we can not hold that the evidence is so clear as to justify us in sustaining the conviction, despite the fact that errors of law were committed during the trial.    We must, therefore, ascertain and decide whether any errors were committed by the trial court.

A sister of the appellant was called as a witness on his behalf, and she testified, as did other witnesses, that the prosecutrix came in a cheerful manner, and hand in hand with the accused, from the place where the rape was alleged to have been perpetrated.    This testimony was competent and material.    It was competent as tending to authorize the inference that no outrage had been perpetrated, for the conduct of the prosecutrix indicated that the accused had not

forcibly violated her person. Testimony authorizing such an inference is proper, and must be given its due weight. *Bedgood* v. *State*, 115 Ind. 275, *vide* p. 279. The testimony was also competent as affecting the credibility of the prosecutrix, for it supplied some ground, at least, for inferring that a female who had been so recently outraged would not so demean herself toward her ravisher. *Bedgood* v. *State*, *supra*, and authorities cited. As the testimony of the witness was material and relevant, it was proper for the State to impeach her in a legitimate method, and the question is as to whether the method adopted was a legitimate one. The State was permitted to ask the witness, Belle Huber, this question : " Did you not say to Mrs. Anna Koff that Harvey had taken Myrtle off the night before ; that you pitied poor Myrtle, and that you would be afraid to go with him yourself." Mrs. Koff was required to answer the following : " You may state if Belle Huber did not say to you that ' Harvey had taken Myrtle off the night before, and I pity poor Myrtle. I would be afraid to go with Harvey myself.' " It is obvious that the statement attributed to Miss Huber did not contradict any material fact to which she had testified. It did not, at all events, tend in the slightest degree to contradict her statement that the prosecutrix came back in a friendly way, hand in hand, with the accused from the place where it is charged the crime was committed. It was not competent, therefore, to permit the testimony of Mrs. Koff to go to the jury, on the theory that it contradicted the testimony of the defendant's witness. But, independently of this consideration, the ruling of the trial court was wrong. The opinion of a witness as to the character of an accused, can not be given to the jury through the medium of an impeaching question, or that of impeaching evidence. Character can neither be broken down nor built up in that mode. The witness sought to be impeached could not have given her own individual opinion of the character of the accused ; and, certainly, that opinion can not be placed before the jury

by asserting that the purpose of adducing it is to impeach the witness. The statement of Mrs. Koff was deeply prejudicial to the accused, for it was made the vehicle of conveying to the jury the sister's opinion of the brother. The admission of the testimony was in violation of settled rules, and the character of the testimony was such as to require us to presume that it did harm to the accused, and to make it our duty to reverse the judgment. *Welch* v. *State,* 104 Ind. 347.

Other questions than the one decided are discussed by counsel, but we deem it unnecessary to consider them, as they may not arise on another trial.

Judgment reversed, with instructions to issue the proper order for the return of the appellant.

Filed Nov. 25, 1890.