## CLOKEY *v.* STATE OF INDIANA.

[No. 22,609.  Filed December 31, 1914.]

1.  APPEAL.—*Questions Reviewable.—Objections to Evidence.*—No question is presented for review on the admission of evidence where the only objections made in the trial court were that the questions were "incompetent", or "irrelevant", or "illegal".   p. 590.

2.  APPEAL.—*Questions Reviewable.—Misconduct of Counsel.*—No question is presented for review as to the misconduct of counsel at the trial, where no objection was made thereto at the time, since failure to object is a waiver of the right thereafter to complain.  p. 590.

3.  RAPE.—*Evidence.—Instructions.*—While the question of consent is immaterial in a prosecution for rape upon a person under the age of consent, where prosecutrix testified that defendant as a physician had treated her on a number of occasions prior to the alleged crime, that the crime was committed upon her forcibly and against her will, and that thereafter she continued to visit his office for treatment, and the defendant denied the entire story, it was error to refuse defendant's requested instruction to the effect that the subsequent conduct of the prosecutrix could be considered in determining the probability or improbability of the commission of the crime, since the evidence was such that the jury could have found that the crime was committed, either forcibly or with her consent, or that it was not committed at all.  p. 591.

From Huntington Circuit Court; *B. H. Hurd,* Special Judge.

Prosecution by the State of Indiana against Mitchell C. Clokey. From a judgment of conviction, the defendant appeals. *Reversed.*

*C. W. Watkins, Branigan & Branigan* and *Lesh & Lesh,* for appellant.

*Thomas M. Honan,* Attorney-General, *Thomas H. Branaman* and *Otto H. King,* for the State.

MORRIS, J.—Appellant was charged by indictment with the crime of rape on a girl fourteen years of age. His trial resulted in a conviction of assault and battery with intent to commit rape. Error is assigned on the overruling of his motion for a new trial.

During a long cross-examination of appellant the prosecuting attorney asked him many questions in relation to various criminal and discreditable acts. To most of these questions appellant interposed no objection. In some few instances he objected because the question was "incompetent", or "irrelevant", or "illegal"— objections of such a general nature as to present no question for review. He made no motion for the admonition of the State's attorney, nor to set aside the submission and discharge the jury. *Dorsey* v. *State* (1913), 179 Ind. 531, 534, 100 N. E. 369.

It is claimed that the record of this cross-examination shows such misconduct of the prosecuting attorney as to entitle the appellant to a new trial—that many of the questions show on their face that they were not asked in good faith but merely to degrade appellant in the jury's estimation. If it were conceded that such is the case, appellant is in no position to demand a new trial because of the misconduct. Where the prosecuting attorney oversteps the bounds of propriety, it is the duty of defendant's counsel to make appropriate objection at once, and a failure so to do must be deemed as a waiver of the right to thereafter complain. The first protest made here was in the motion for

a new trial, which came too late. Were such tardy objections to avail, a defendant might tacitly consent to misconduct of counsel for the State in the belief that it would arouse such resentment in the jurors' minds as to enure to his benefit, and, on the discovery that such action failed of its anticipated effect, demand a new trial. No such practice could be tolerated. Appellant waived any right to a consideration of the question of the alleged misconduct by failing to make timely objection.

It is contended that the court erred in refusing to give the following instruction requested by defendant: "You are further instructed that it is proper for you to consider the conduct of the prosecuting witness toward the defendant after the alleged commission of the crime complained of. You may consider whether or not subsequent to such time she treated him with scorn and contempt or whether the relations were courteous and friendly, and if you should find from the evidence in this case that at times subsequent to the alleged commission of the crime charged against the defendant, the prosecuting witness voluntarily consulted him in personal matters and called at his office at divers times and through a long period, for treatment, you may take these facts into account in determining the probability or improbability of the commission of the crime." The prosecuting witness testified that. in the month of September, 1911, she underwent an operation for appendicitis; that some weeks thereafter the wound opened, and had to be treated for several months; that defendant is a physician and surgeon and treated the wound at his office, as often as once or twice a week, in the months of March, April and May, 1912; that he also treated her for other ailments; that in the month of May, 1912, at appellant's office, he forcibly ravished her, notwithstanding she fought him with her utmost strength; that thereafter she visited his office for treatment many times, the last visit occurring in August, 1912. The Attorney-General claims there

was no error, because, under the statute, the consent or lack of consent, of the prosecuting witness was immaterial; that while her subsequent conduct might be considered as affecting her credibility, it could not be properly considered as affecting the probability of the occurrence of the transaction because the jury might find that such transaction occurred with her consent. The statute declares one guilty of rape who unlawfully has carnal knowledge of a woman forcibly against her will, or of a female child under sixteen years of age. §2250 Burns 1908, Acts 1907 p. 85. The effect of the statute is to deprive a defendant of interposing a defense of consent of the female where she is under sixteen years of age. *Ex parte Nesson* (1910), 25 S. Dak. 49, 125 N. W. 124, 27 L. R. A. (N. S.) 872. Under the indictment, proof of forcible ravishment, as well as intercourse by consent, would sustain a conviction.

We are of the opinion that the court committed reversible error in refusing the requested instruction. The prosecuting witness testified that the intercourse was effected solely by force. The defendant denied her entire story. The jury was warranted in believing or disbelieving her story, as a whole, or in part. They might have believed, after considering her subsequent conduct, either that intercourse occurred with her consent, or that there was no such transaction as she narrated. *Huber* v. *State* (1890), 126 Ind. 185, 25 N. E. 904. Other questions are presented, but they are not considered, because they are not likely to arise on another trial. Judgment reversed with instructions to grant appellant's motion for a new trial.

Erwin, C. J., not participating.

NOTE.—Reported in 107 N. E. 273. Conduct of counsel in getting inadmissible evidence before jury as ground for new trial, see 6 Ann. Cas. 224; 19 Ann. Cas. 296. As to cross-examination of the accused in criminal prosecutions, see 38 Am. St. 895. See, also, under (1) 12 Cyc. 564; 38 Cyc. 1378; (2) 12 Cyc. 584; 38 Cyc. 1507; (3) 33 Cyc. 1501.