DALLAS DALE BEARD *v.* STATE OF INDIANA.

[No. 374S58. Filed February 14, 1975.]

*William E. Weikert, Rice & VanStone,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

PRENTICE, J.—The defendant (appellant) was convicted of rape by force[1] and kidnapping.[2] He was sentenced to life imprisonment. His appeal presents five general issues, as follows:

> (I)    Did the trial court err in striking his motion in arrest of judgment upon the rape count?

---

1. Burns Ind. Ann. Stat. § 10-4201, IC 35-13-4-3. 10-4201. Rape—Penalty.—Whoever has carnal knowledge of a woman forcibly against her will, or of a female child under the age of sixteen [16] years, or whoever being over eighteen [18] years of age, has carnal knowledge of a woman, other than his wife, who is insane, epileptic, idiotic, or feeble-minded, he knowing of such condition; or whoever, being over eighteen [18] years of age, has carnal knowledge of a woman who is an inmate of the woman's prison or the Indiana School for Girls, is guilty of rape, and on conviction shall be imprisoned not less than two [2] years nor more than twenty-one [21] years: Provided, That in cases where the female upon whom the crime is committed is a child under the age of twelve [12] years, the punishment shall be imprisonment for life. [Acts 1941, ch. 148, § 3, p. 447.]

2. Burns Ind. Ann. Stat. § 10-2901, IC 35-1-55-1. 10-2901. Kidnapping.—Whoever kidnaps, or forcibly or fraudulently carries off or decoys from any place within this state, or arrests or imprisons any person, with the intention of having such person carried way from any place within this state, unless it be in pursuance of the laws of this state or of the United States, is guilty of kidnapping, and, on conviction, shall be imprisoned in the state prison during life. [Acts 1905, ch. 169, § 358, p. 584; 1929, ch. 154, § 1, p. 477.]

(II)     Was the evidence upon the rape count sufficient upon the elements of resistance by the prosecutrix and force by the defendant?

(III)    Was there an insufficiency of evidence requiring an acquittal upon the kidnapping charge by reason of the State's failure to prove a "fraudulent" carrying away, as alleged in the indictment?

(IV)    Is the sentence of life imprisonment for kidnapping proscribed as cruel and unusual punishment?

(V)     Should this Court exercise its power under Article 7, § 4 of our State Constitution and reduce the defendant's life sentence for kidnapping?

We answer issues, I, III, IV and V in the negative and issue II in the affirmative.

\*    \*    \*

ISSUE I. Following the verdict of guilty, the defendant filed a motion in arrest of judgment upon the rape count. This motion was stricken by the court as being improper. The parties have argued the propriety of the motion in this Court in view of Burns Ind. Ann. Stat. § 9-2201, IC 35-4.1-4-1, which purports to abolish motions in arrest of judgment. The defendant acknowledges the statute at face value but asserts that it should not apply in this case, inasmuch as it did not become effective until after his arraignment. However, we do not go to this issue upon the basis argued; because the motion was improper under our Criminal Rule 3(B)[3] which was effective at all stages of this case. The proposition presented by the motion in arrest of judgment could and should have been presented by a motion to quash the affidavit. The affidavit alleged only that the defendant had carnal knowledge of the prosecutrix against her will. "Force" should also have been alleged, as it is an essential element of the offense and is distinct and apart from the requisite that the act of intercourse be against the

---

3. Criminal Rule 3(B). Motion in Arrest of Judgment. No Motion in Arrest of Judgment shall be proper or entertained by a court insofar as it may be based upon any grounds which could properly be the subject of a Motion to Quash which could have been previously filed in the cause.

will of the prosecutrix. The statute requires both. However, had the omission been raised by a motion to quash, it doubtlessly would have been supplied by amendment, as force was clearly in evidence. Criminal Rule 3(B) was designed to avert just such a technical and meritless claim as is here sought to be raised.

ISSUE II. The prosecutrix testified that the defendant threatened to kill her if she did not submit and that she feared for her safety. Thus, although he did her no physical harm and although she submitted under the threat, without offering physical resistance, the evidence was sufficient to prove force. The requisite force need not be physical but may be constructive or implied. *Hendley* v. *State* (1974), Ind. App., 311 N.E.2d 849; *Rahke* v. *State* (1907), 168 Ind. 615, 81 N.E. 584; *Espenlaub* v. *State* (1936), 210 Ind. 687, 2 N.E.2d 979. Likewise physical resistance is not required where prevented or averted by threats and fear. *Parrett* v. *State* (1928), 200 Ind. 7, 159 N.E. 755; *Ransbottom* v. *State* (1896), 144 Ind. 250, 43 N.E. 218; *Felton* v. *State* (1894), 139 Ind. 531, 39 N.E. 228; *Huber* v. *State* (1890), 126 Ind. 185, 25 N.E. 904.

It is true that certain of the prosecutrix's conduct prior to, during and following the rape would have been highly consistent with the hypothesis that there was no rape but merely sexual intercourse to which she acquiesced. However, under the circumstances as testified to by her, such conduct was not necessarily inconsistent with the finding of guilt. It is not for us to weigh the evidence and determine the credibility of the witnesses. The sufficiency test on appeal is not whether or not the verdict is one upon which reasonable minds might differ but rather whether or not there has been a failure of proof by substantial and probative evidence, so that no reasonable man could say that the issue had been proved beyond a reasonable doubt. *Baker* v. *State* (1973), 260 Ind. 618, 298 N.E.2d 445; *Baker* v. *State* (1956), 236 Ind. 55, 138 N.E.2d 641.

A conviction of rape may be sustained solely upon the testimony of the prosecuting witness. *Smith* v. *State* (1971), 255 Ind. 687, 266 N.E.2d 216.

ISSUE III. The defendant's claim of insufficient evidence upon the kidnapping count is predicated upon the proposition that the State was required to prove the allegation of the indictment that he "fraudulently" carried away the prosecuting witness. The indictment alleged that the defendant "* * * did then and there unlawfully and feloniously, fraudulently and forcibly carry away, decoy and kidnap * * *" the prosecuting witness. There was no evidence of a fraudulent carrying away, but the statute requires none. The elements of the offense are stated in the disjunctive in the statute, thus it was necessary only that the State prove either a forcible carrying away or a fraudulent carrying away or decoy, not both. This is correct notwithstanding that the indictment alleged both. *Hobbs* v. *State* (1893), 133 Ind. 404, 32 N.E. 1019.

ISSUE IV. Defendant asserts that life imprisonment for the offense of kidnapping is so excessive as to constitute cruel and unusual punishment constitutionally proscribed. Our authorities are contrariwise. Generally, the constitutional prohibitions against cruel and unusual punishment are proscriptions of atrocious or obsolete punishments and are aimed at the kind and form rather than the duration. *Hollars* v. *State* (1972), 259 Ind. 229, 286 N.E. 2d 166 and cases there cited.

"These are primarily legislative considerations, and we are not at liberty to set aside a conviction and sentence because, on the record, they seem severe. *Blue* v. *State* (1946), 224 Ind. 394, 67 N.E.2d 377; *Mellot* v. *State* (1942), 219 Ind. 646, 40 N.E.2d 655.

"It is only when a criminal penalty is not graduated and proportioned to the nature of the offense, or where it is grossly and unquestionably excessive that this provision of the Constitution is intended to apply. *Weems* v. *United States*, 217 U.S. 349, 30 S. Ct.

544, 54 L. Ed. 793. Such is not the case here." 286 N.E.2d at 170.

ISSUE V. In the alternative, the defendant urges that we exercise our power under Article 7, § 4 of our state Constitution and reduce the defendant's sentence upon the rape charge in consideration of his youth and the absence of either physical injury to the prosecutrix or the use of a weapon.

The judicial article of our Constitution was amended in 1970 by an express grant of the power to review and revise the sentence imposed. The grant appears to go beyond our inherent power to review and revise those sentences that exceed constitutional limitations, a responsibility that we have previously recognized. *Dembowski* v. *State* (1968), 251 Ind. 250, 240 N.E.2d 815; *Hobbs* v. *State* (1969), 253 Ind. 195, 252 N.E.2d 498; *Landaw* v. *State* (1972), 258 Ind. 67, 279 N.E.2d 230. Thus far, we have refrained from exercising this recently granted power and believe that it can be properly exercised only under a program of policies and procedures not yet established. We, therefore, decline the defendant's prayer for a review of his sentence.

We find no error, and the judgment of the trial court is affirmed.

Givan, C.J. and Arterburn and Hunter, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported at 323 N.E.2d 216.