SIDNEY TAYLOR *v.* STATE OF INDIANA.

[No. 2-275A24. Filed September 8, 1975. Rehearing denied October 14, 1975].

*James A. Neel,* Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

PER CURIAM—Sidney Taylor (Taylor) appeals from his conviction of rape.[1] He claims on appeal that the evidence was insufficient to support the conviction.

We affirm.

The evidence in favor of the State reveals that on the evening of November 26, 1973 the prosecutrix took her small son to Marion County General Hospital for treatment of a bronchial attack from which the boy was suffering. Subsequent to treatment she was attempting to acquire a cab ride home when she was approached by Taylor who offered to drive her for a small sum of money. On the way Taylor said he wanted to stop and see a friend and proceeded to drive through a series of alleys. He stopped, withdrew a handgun from his waist, and ordered the prosecutrix to do as he said. She testified:

---

1. IC 1971, 35-13-4-3, Ind. Ann. Stat. § 10-4201 (Burns 1956).

"He said you know what I want, that's exactly what he said and I said I was so scared after the gun, I couldn't do anything, I had the baby and he said get in the back seat and I said I can't get in the back seat, I got my baby. He said get in the back seat so he took the baby from me and I climbed in the back seat and then he climbed back and he committed an act of sex." *Record,* at p. 163.

The prosecutrix testified that there was a "light glare" in the car during the commission of the crime, that the crime was of several minutes duration, and that afterward Taylor took her to the vicinity of her house and dropped her off. The police were immediately notified, a sperm test was administered (the result was positive), and descriptions of the suspect, weapon and vehicle were taken.

The next evening Officer Eugene Boyd of the Indianapolis Police Department spotted a speeding vehicle that matched the description given him by the prosecutrix.[2] On stopping the vehicle he observed that the suspect, Taylor, also matched the description given him by the prosecutrix. She was summoned to the scene where she identified Taylor as the one who raped her. A search of the car revealed a twenty-two caliber gas gun that matched the victims' description of the previous evening.

Specifically, Taylor attacks the sufficiency of the prosecutrix's identification of him by arguing that the case is sufficiently similar to *Gaddis* v. *State* (1969), 253 Ind. 73, 251 N.E.2d 658 to warrant reversal. The victim's identification, however, is far from the uncertain testimony elicited in *Gaddis.* She was asked if she was certain Taylor was the same man who raped her. She replied . . . "I won't forget him, that's him." *Record,* at p. 162. Further, under cross-examination, she testified that ". . . This Sidney Taylor forced me to have a sexual relationship with him at gun point." *Record,* at p. 197. The record is replete with the unwavering testimony of the victim and, unlike

___

2. The description was extensive. It was of a red 1965 Oldsmobile with dents in the right and left front and bucket seats with a console between them.

*Gaddis,* there was never any showing of any undue influence on the prosecutrix by either the prosecution or the defense.

There is ample evidence supporting the judgment. The descriptions of the vehicle, suspect, and weapon were detailed. They were given soon after the crime was committed, and all were matched the next evening when Taylor was arrested. Furthermore, the identification by the prosecutrix never varied, even under intense cross-examination.

Taylor argues that the testimony of a single eyewitness should somehow be held to a different standard of scrutiny. This is an improper characterization of the law. It is well settled that the uncorroborated testimony of a single prosecutrix is sufficient to support a conviction for rape. *Beard* v. *State* (1975), 262 Ind. 643, 323 N.E.2d 216.

The judgment of the trial court is, therefore, affirmed.

NOTE.—Reported at 333 N.E.2d 316.