STATE OF INDIANA EX REL. CALVIN LOUIS TAYLOR *v.* ALLEN
SUPERIOR COURT, CRIMINAL-FELONY DIVISION, ALFRED W.
MOELLERING, JUDGE.
STATE OF INDIANA EX REL. LANCIA TIPSORD *v.* ALLEN SUPERIOR
COURT, CRIMINAL-FELONY DIVISION, ALFRED W. MOELLERING,
JUDGE.

[Nos. 3-677A147; 3-677A148. Filed August 19, 1977.]

*Barrie C. Tremper,* Allen County Public Defender, *Thomas L.
Ryan,* Deputy Allen County Public Defender, of Fort Wayne, for
relators.

HOFFMAN, J.— These two cases come before this court on "Petition for Alternative Writ of Mandamus and/or Prohibition." In each the defendants pleaded guilty to the crimes charged and were sentenced by the court. The defendants then filed petitions for attorney fees, cost of transcript and appeal, attempting to appeal the sentences imposed by the trial court. The sentences imposed were discretionary with the trial court and were permitted under the respective statutes. The trial court denied the petitions. Each defendant asks this court to order respondent trial court to grant their petitions.

The basic question presented is: May a defendant appeal a sentence that does not exceed constitutional limitations imposed by a judge after a guilty plea?

In *Crain v. State* (1973), 261 Ind. 272, 301 N.E.2d 751, our Supreme Court held that the only procedural method to attack a guilty plea is by means of a petition for post-conviction relief under P.C. Rule 1.

However, here defendants wish only to appeal the sentence and not the guilty plea.

Article 7, § 4, of the Constitution of Indiana gives an express grant of power to the Supreme Court to review and revise the sentence imposed. However in *Beard v. State* (1975), 262 Ind. 643, at 649, 323 N.E.2d 216, at 219, our Supreme Court stated:

> "The grant appears to be beyond our inherent power to review and revise those sentences that exceed constitutional limitations, a responsibility that we have previously recognized. *Dembowski v. State* (1968), 251 Ind. 250, 240 N.E.2d 815; *Hobbs v. State* (1969), 253 Ind. 195, 252 N.E.2d 498; *Landaw v. State* (1972), 258 Ind. 67, 279 N.E.2d 230. Thus far, we have refrained from exercising this recently granted power and believe that it can be properly exercised only under a program of policies and procedures not yet established. We, therefore, decline the defendant's prayer for a review of his sentence."

Since the *Beard* decision our Supreme Court has consistently declined to review sentences. *Miller v. State* (1977), 266 Ind. 461, 364 N.E.2d 129; *Parker v. State* (1976), 265 Ind. 595, 358 N.E.2d 110; *Delph v. State* (1975), 263 Ind. 385, 332 N.E.2d 783; *Stoehr v. State* (1975), 263 Ind. 208, 328 N.E.2d 422.

Therefore, a defendant cannot establish reversible error upon the sentence imposed in the absence of a claim that it exceeds either constitutional or statutory limitations. Since the only matters the defendants sought to review do not present a reviewable issue, the trial court properly denied their petitions to expend public funds.

The respective petitions for alternative writ of mandamus and/or prohibition filed by relators herein are denied.

Garrard, J. concurs.

Staton, P.J. Dissents with Opinion.

## DISSENTING OPINION

STATON, P.J.—I dissent, since the Indiana Constitution confers upon a defendant the right to have his sentence reviewed by the Indiana Supreme Court and the Indiana Court of Appeals. Article 7, Section 4 provides ". . . The Supreme Court shall have, in all appeals of criminal cases, the power to review all questions of law and to review and revise the sentence imposed." Again at Article 7, Section 6 where the jurisdiction of the Court of Appeals is discussed, it provides ". . . in all cases an absolute right to one appeal and to the extent provided by rule, review and revision of sentences for defendants in all criminal cases."

Even *Beard v. State* (1975), 262 Ind. 643, 323 N.E.2d 216, at 219 recognized that the grant of the Indiana Constitution to review sentences went ". . . beyond our inherent power to review and revise those sentences that exceed constitutional limitation, . . ." In each of the cases cited by the majority opinion, the issue of sentencing was presented by an appeal. It is true that the Supreme Court declined to revise those sentences, but it did not deny the right of the defendant to present the issue of sentencing to the Supreme Court for review. This is the issue before us.

The concept of reviewing only the defendant's sentence for an abuse of discretion in each individual case and set of facts is not new. In the English Criminal Justice System, over half of the appeals from the Magistrate Court to the Crown Court are upon the single issue of sentencing. Although review of sentencing by the English Courts is not a constitutionally binding precedent, a reluctance of our Supreme Court to exercise its power should not affect the defendant's right to a review of his sentence. Therefore, I would grant the petitions.

NOTE—Reported at 366 N.E.2d 206.