LAWRENCE HALL v. STATE OF INDIANA.

[No. 377S228. Filed January 20, 1978.]

*Lante K. Earnest, Esquire, Messrs. Klineman, Rose and Wolf,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Susan J. Davis,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was tried and convicted of the crime of armed robbery, under IC 1971, 35-12-1-1.

The evidence most favorable to the State indicates that on November 29, 1975, one, Thomas Vinson, picked up two hitchhikers in eastern Marion County, identified as appellant Hall and his co-defendant Gregory Jines. Shortly after entering Vinson's car, appellant brandished a gun and told Vinson to hand over his money. Vinson complied with the order. Driving south on Road 31, Vinson swerved to hit a police car, but seeing the patrolman's family in the car, swerved away and eventually crashed into a telephone pole. Hall and Jines jumped out of the car and fled into a wooded area. They were later apprehended and identified by Vinson as the bandits. Both were charged with armed robbery. Jines pleaded guilty and agreed to testify for the State in return for being sentenced under the minor statute. However at trial the State chose not to use Jines as one of its witnesses.

Appellant claims the trial court erred in permitting the introduction of State's Exhibit No. 3, a letter from appellant Hall, in which he threatened Jines for cooperating with the State. The prosecutor first attempted to introduce the letter on cross examination of the appellant. An objection on grounds of failure to disclose in response to the pre-trial defense motion for disclosure of all evidentiary items was sustained. Later however the trial court permitted the State to introduce the exhibit on cross examination of Jines for impeachment and rebuttal purposes.

Credibility of a witness may be attacked by showing that he may have an ulterior motive or may be under coercion to testify. *Brooks* v. *State,* (1973) 259 Ind. 678, 291 N.E.2d 559. The letter in the case at bar clearly falls within this category in that it contains threats from Hall to Jines in the event Jines would testify against Hall.

Appellant also argues the letter should have been excluded from evidence because of the element of surprise. In *Johns* v. *State,* (1968) 251 Ind. 172, 240 N.E.2d 60, this Court held it improper for the trial court to have permitted the State to present four additional witnesses whose names had not been furnished to the defendant. The case at bar is entirely different from the *Johns* case. Here the State did not know of the letter until the afternoon of the trial. By the time the letter was introduced, there had been sufficient time for appellant and his attorney to review the letter and evaluate its possible impact if used. If the appellant felt he needed more time to evaluate the letter or to further prepare his defense, he could have made a motion for a continuance. Under the circumstances the trial court did not err in permitting the introduction of the letter.

Appellant next claims the trial court erred in giving an instruction to the effect that flight could be considered by the jury as showing consciousness of guilt on the part of the appellant. The same instruction had been approved by this Court in *Richard* v. *State,* (1975)

262 Ind. 534, 319 N.E.2d 118 and *Wright* v. *State,* (1972) 259 Ind. 197, 285 N.E.2d 650. There was no error in giving the instruction.

Appellant next claims the evidence was insufficient to support his conviction. This argument is utterly without merit. The testimony of the victim alone would have been sufficient to sustain the conviction. However there was evidence by other witnesses who observed the automobile crash, saw the appellant and Jines dash into the woods, followed them for a distance and later identified the weapon appellant was carrying. There is an abundance of evidence in this record to support the verdict of the jury.

Finally appellant urges this Court to reduce his sentence of 30 years because he claims it is manifestly unjust for him to bear such a lengthy sentence when his co-defendant received only a one-year sentence. The general rule in this State is that this Court will not invade the province of the legislature or the jury and impose a different sentence from that authorized by law or issued by the jury so long as it is not grossly disproportionate to the nature of the offense or unquestionably excessive. *Delph* v. *State,* (1975) 263 Ind. 385, 332 N.E.2d 783; *Beard* v. *State,* (1975) 262 Ind. 643, 323 N.E.2d 216. The penalty imposed in this case is within the statutory limit and is not, in our view, grossly disproportionate or unquestionably excessive.

The judgment of the trial court is in all things affirmed.

DeBruler, Hunter, Pivarnik and Prentice, JJ., concur.

NOTE.—Reported at 371 N.E.2d 700.