**Kenneth R. PARDUE, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1185S462.

Supreme Court of Indiana.

Jan. 21, 1987.
Rehearing Denied Mar. 6, 1987.

Dennis L. Thomas, Jr., Bookwalter, Condos & Thomas, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant Kenneth R. Pardue was convicted of the rape[1] and confinements[2] of his former wife. In this direct appeal, he contends that the evidence was insufficient when considering the overall effect of four alleged deficiencies in the evidence: 1) the victim's uncorroborated testimony was insufficient to prove defendant was armed with a deadly weapon; 2) the victim's testimony was inherently unbelievable; 3) past conduct of the victim amounted to a consent to forced sexual activity; and, 4) insufficient medical evidence concerning fluid samples taken from the victim.

In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

■ Convictions for rape or criminal deviate conduct may rest upon the uncorroborated testimony of the victim. *Fointno v. State* (1986), Ind., 487 N.E.2d 140; *Shippen v. State* (1985), Ind., 477 N.E.2d 903. We therefore reject defendant's argument that the victim's testimony was insufficient because it was uncorroborated.

■ Defendant further supports his contention of insufficient evidence by alleging that the testimony of the victim was inherently unbelievable. On rare occasions, this Court has impinged upon a jury verdict where the supporting evidence was "inherently improbable," *Penn v. State* (1957), 237 Ind. 374, 146 N.E.2d 240, of "incredible dubiosity," *Gaddis v. State* (1969), 253 Ind. 73, 251 N.E.2d 658, or "utterly impossible to believe," *Hutchins v. State* (1894), 140 Ind. 78, 39 N.E. 243. Such contention has often been rejected. *Cf. Wilson v. State* (1984), Ind., 465 N.E.2d 717; *Forrester v. State* (1982), Ind., 440 N.E.2d 475; *Wallace v. State* (1981), Ind., 426 N.E.2d 34; *Bentley v. State* (1981), 275 Ind. 67, 414 N.E.2d 573; *Rodgers v. State* (1981), Ind., 422 N.E.2d 1211. The applicable standard was expressed in *Shippen, supra:*

> This court will override the jury's assessment of credibility only where the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it.

477 N.E.2d at 904.

Defendant points to evidence of continuing sexual activity between the defendant and the victim, his former wife, both before and after the date of the offense. He argues that their sexual relationship during

---

**1.** Ind.Code § 35–42–4–1.

**2.** Ind.Code § 35–42–3–3.

the marriage "was masochistic, abusive and tempered with threats, violence and distaste for each other, *but* nevertheless it was consentual." Defendant's brief asserts "[t]he dilemma is when does consent become non-consent and vice versa." Such arguments are issues of fact for determination by the jury, with its opportunity to personally hear and observe the witnesses, and to consider the arguments of counsel.

Having reviewed the evidence shown by the record, we are unwilling to find that no reasonable person could believe the victim's testimony. We find that the jury could reasonable conclude that the defendant was guilty of the offenses charged beyond a reasonable doubt.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.