Bruce Edward GONZALES, Appellant,

v.

STATE of Indiana, Appellee.

No. 02S00–8803–CR–297.

Supreme Court of Indiana.

March 15, 1989.

Randall J. Hammond, Deputy Public Defender, Tremper, Bechert, Leonard & Terrill, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Rape, a Class B felony, for which he received a sentence of twenty (20) years, Criminal Deviate Conduct, a Class B felony, for which he received a sentence of twenty (20) years, and Confinement, a Class D felony, for which he received a sentence of four (4) years, the sentences to run concurrently but consecutively to a forty (40) year sentence imposed on September 3, 1987 and a thirty (30) year sentence imposed on June 2, 1987.

The facts are: In the late evening of August 22, 1986, appellant telephoned the home of Mike Fish, the boyfriend of S.S., the victim in this case. When S.S. told appellant that Fish was not at home, he asked if she could give him a lift in her automobile, which she consented to do. When she picked him up, he directed her where to drive and told her he wanted her to see a new car he had purchased.

As they entered an alley near the scene of their destination, a drunk approached the car shouting and struck the side of the vehicle several times. Appellant told S.S. that the drunk was his brother. They proceeded down the alley, and appellant direct-ed her to park in a driveway which he indicated was behind his house. Shortly after they exited the automobile to look at a car parked in the driveway, presumably the new car appellant had referred to, they could hear the drunk who had been identified as appellant's brother coming down the alley.

Appellant directed S.S. to get inside a small shed near the garage, which she did. Both S.S. and appellant stood inside the door of the shed and watched appellant's brother throw a bottle into a trash can, then proceed to the house. Appellant then closed the door of the shed and barricaded it with three or four boards. He told S.S. that she must be quiet or his brother might return, and he would be unable to protect her from his brother.

He then informed her of his intention to have sexual relations with her, and when she protested, he grabbed her by the face which had obvious serious injuries due to an encounter with her boyfriend a few days earlier. She testified that this caused her pain, and appellant told her he did not want to hurt her but he would if he had to. She testified that she was quite frightened and felt that appellant might well kill her. Appellant then raped her, performed oral sex on her, and raped her a second time. Both S.S. and appellant left in the automobile. Shortly thereafter appellant exited the vehicle at a stoplight, and S.S. proceeded to her boyfriend's home. She reported the incident to her boyfriend, but he stated he did not believe she had been raped and if she had, she had invited the incident by being with appellant.

She testified that she did not report the August occurrence until the following February because she was afraid she would not be believed.

Appellant claims the evidence is insufficient to support the verdict of the jury. Appellant takes the position that the fact the victim voluntarily gave him a ride, the fact that her boyfriend did not believe her, and the fact that she did not contact the police department for six months are facts which make her testimony incredible and not worthy of belief. However, these facts

were all placed before the jury, and it was for them to make a determination as to what crimes if any had been committed. This Court will not weigh such evidence. *Taylor v. State* (1987), Ind., 514 N.E.2d 290; *Alfaro v. State* (1985), Ind., 478 N.E.2d 670.

Appellant also takes the position that the sole evidence against him was submitted by the victim and the one police officer who investigated the victim's report and stated that S.S. had identified photographs of appellant as her attacker. This Court has repeatedly held that a conviction for rape or criminal deviate conduct may rest upon the uncorroborated testimony of the victim. *Pardue v. State* (1987), Ind., 502 N.E.2d 897.

Appellant also claims that because he did not physically harm S.S., his claim of consensual intercourse should have been believed. However, we have held that even though a victim was not physically harmed and submitted without offering physical resistance, non-consensual intercourse may nevertheless be proven by the circumstances under which the victim felt compelled to either submit or suffer injury. *Beard v. State*, (1975), 262 Ind. 643, 323 N.E.2d 216.

The testimony of the victim in this case amply supports the verdict of the jury.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.