**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ERIN L. BERGER**
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

TYRONNE J. NOEL,                    )
                                    )
    Appellant-Defendant,        )
                                    )
        vs.          )        No. 87A01-1211-CR-525
                                    )
STATE OF INDIANA,                   )
                                    )
    Appellee-Plaintiff.         )

APPEAL FROM THE WARRICK CIRCUIT COURT
The Honorable David O. Kelley, Judge
Cause No. 87C01-1110-CM-867

**April 18, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Tyronne J. Noel appeals from his conviction of Class B misdemeanor reckless driving for passing a stopped school bus. At Noel's bench trial, two eyewitnesses testified that the bus's arm signal device was extended when Noel drove around the bus. Noel argues that Appellee-Plaintiff the State of Indiana failed to present evidence from which the trial court could reasonably find that he committed the charged offense. Concluding that the eyewitness testimony sufficiently supports Noel's conviction, we affirm.

## FACTS AND PROCEDURAL HISTORY

On October 3, 2011, at approximately 7:45 a.m., Indiana State Police Sergeant Thomas Weber cited Noel for reckless driving for passing a stopped school bus while its arm signal device was extended. On October 18, 2011, Noel was charged with a Class B misdemeanor for the offense.[1] A bench trial was held on August 10, 2012, where the State presented the testimony of Sergeant Weber and the driver of the school bus in question, Larry Murphy. Noel testified in his defense.

Murphy's morning bus route includes the following sequence: a stop on Kreager Lane (the "Kreager Stop"), a right turn from Kreager onto Pollack Avenue, and a stop at the intersection of Pollack and Morningside Drive (the "Morningside Stop"). Murphy testified that, on the morning in question, he picked up students at the Kreager Stop, turned right onto Pollack, and immediately activated the bus's flashing yellow lights in preparation for the Morningside Stop. When he stopped the bus at Morningside, Murphy

---

[1] Ind. Code § 9-21-8-52(b) (2011).

2

activated its door switch to allow students to board. By activating the door switch, the bus's arm signal device automatically extended, and its red lights automatically began flashing. Murphy heard a car accelerate from the rear of the bus and then witnessed Noel drive past the bus while its arm signal device was fully extended.

Noel testified that, on the morning in question, he dropped off his son at the Kreager Stop, and, after his son boarded Murphy's bus, Noel followed the bus down Pollack Avenue on his way to a job interview. When the bus stopped at Morningside, its red lights were not flashing, and its arm signal device was not extended. On cross-examination, Noel clarified that it was not that he did not see these warning mechanisms; they were not there. As far as Noel could tell, Murphy had parked the bus on the side of the road.

Sergeant Weber testified that, on the morning in question, he was parked near the Morningside Stop and witnessed Noel drive around Murphy's bus while it was stopped there. Sergeant Weber admitted that he could not see the back of the bus from his vantage point but stated that its red lights were flashing and its arm signal device was fully extended. Sergeant Weber immediately activated his emergency lights and pursued Noel, stopping him approximately one mile later to issue the citation.

The trial court found Noel guilty as charged and sentenced him to five days of incarceration, suspended to thirty days of unsupervised probation. This appeal follows.

## DISCUSSION AND DECISION

Noel argues that the State failed to present evidence from which the trial court could find that he recklessly passed a stopped school bus.

3

In reviewing the sufficiency of the evidence, we neither re-weigh the evidence nor judge the credibility of the witnesses. We look only to the probative evidence supporting the verdict and the reasonable inferences therefrom to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. If there is substantial evidence of probative value to support the conviction it will not be set aside.

*Fields v. State*, 679 N.E.2d 898, 900 (Ind. 1997) (internal citations and quotation marks omitted).

Specifically, Noel claims that the State presented no evidence that there were red flashing lights or an arm signal device at the rear of the bus. Contrary to Noel's claim, however, the State was not required to prove that the bus had rear warning mechanisms in order to prove him guilty of the crime charged. Indiana Code section 9-21-8-52(b) provides that "[a] person who operates a vehicle and who recklessly passes a school bus stopped on a roadway when the arm signal device … is in the device's extended position commits a Class B misdemeanor." Therefore, all that was needed was substantial evidence of probative value that the bus's arm signal device was extended when Noel passed the bus. Here, the State presented the testimony of two eyewitnesses who stated that Noel passed the bus while its arm signal device was fully extended.

We conclude that a reasonable factfinder could have found Noel guilty of recklessly passing a stopped school bus based on the testimony of Murphy and Sergeant Weber. Noel's argument is merely an invitation for this court to reweigh the evidence, which we cannot do. *Fields*, 679 N.E.2d at 900. Noel attempts to circumvent this result by arguing that the "incredible dubiosity" rule applies to the testimony presented. Application of this rule, however, is limited to cases "where a sole witness presents

4

inherently contradictory testimony which is equivocal or the result of coercion and there is a complete lack of circumstantial evidence of the appellant's guilt. *Tillman v. State*, 642 N.E.2d 221, 223 (Ind. 1994). The Indiana Supreme Court has noted that "the application of this rule is rare and the standard utilized is whether 'the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it.'" *Bradford v. State*, 675 N.E.2d 296, 300 (Ind. 1996) (quoting *Pardue v. State*, 502 N.E.2d 897, 898 (Ind. 1987)). Here, not only did more than one witness testify, but the two witnesses presented consistent and inherently reasonable testimony.

The judgment of the trial court is affirmed.

FRIEDLANDER, J., and MATHIAS, J., concur.