STEVEN COLLIER *v.* STATE OF INDIANA.

[No. 2-875A218. Filed May 18, 1977. Rehearing denied June 27, 1977. Transfer denied September 27, 1977.]

*Michael T. Conway,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Joseph J. Reiswerg,* Deputy Attorney General, for appellees.

## STATEMENT OF THE CASE

LOWDERMILK, J.—This case was transferred to this office from the Second District in order to help eliminate the disparity in caseloads among the Districts.

Defendant-appellant Collier appeals from a conviction for a violation of the Offenses Against Property Act and for conspiracy to commit a felony, to wit: violation of Offenses Against Property Act.

We affirm.

## FACTS

On August 30, 1974 at 6:00 p.m. Collier was engaged in a brief conversation with undercover policeman Donald Wright and a citizen named Ronald Nelson in a parking lot behind the Pinball Wizard, the place where Collier worked. Collier told Wright and Nelson that he could get them a "ride" (motorcycle). He indicated that the price for the cycle would be $300.00. Collier told Wright to go to a certain pay telephone at 11:00 p.m. that night and that he would call him at that time.

In compliance with Collier's instructions Wright went to the specified pay telephone at 11:00 p.m., whereupon he received a telephone call which instructed him to return again at 12:00 p.m. When Wright returned at 12:00 p.m. he received another call which instructed him to return at 1:00 a.m. When Wright returned to the phone the third time the caller told him to go to the Pinball Wizard. Wright went to the Pinball Wizard with Nelson and was met by Collier who said that he had obtained a "ride." He pointed to two men standing nearby and said, "Here are the men; they will take you to the cycle."

The two men, identified as Larry Russell and Kim Monroe, got in the car with Wright and Nelson and directed them to the place where the cycle was being kept. The motorcycle was an orange 1974 Honda 750 which bore the license number MC 10689. After Wright paid $300.00 to Monroe, Nelson rode off on the cycle. Wright started to drive Russell and Monroe back to the Pinball Wizard. Along the way Wright stopped the car and arrested Russell and Monroe for violation of the Offenses Against Property Act and for conspiracy to commit a felony, to wit: violation of the Offenses Against Property Act. He radioed ahead to enable another police officer to secure Collier's arrest upon the same charges.

The cycle which Russell and Monroe attempted to sell to Wright was identified as the property of William Smith.

Smith had reported to the police that his 1974 Honda 750 motorcycle had been stolen on August 30, 1974 between the hours of 11:00 p.m. and 12:00 p.m. Smith indicated that he had neither loaned his cycle nor given anyone permission to use it.

## ISSUES

1.  Whether the verdict of the jury is contrary to law?

2.  Whether the verdict of the jury was sustained by sufficient evidence?

3.  Whether the State proved the material allegations contained in the indictment?

4.  Whether the Court erred in denying and overruling the defendant's Motion for Judgment on the Evidence?

5.  Whether a prejudicial atmosphere developed when the Court, in the presence of the jury made numerous negative comments to the defendant's counsel regarding late arrivals by defendants and their attorneys?

6.  Whether the Court's denial of defendant's motions for continuances prior to trial and during the course of the trial denied the defendant a fair trial and adequate and competent counsel?

7.  Whether the defendant was denied a fair trial by the Court's denial of the defendant's motion for continuance during the course of the trial so as to procure the attendance of a witness whose testimony would possibly have been favorable to the defendant?

8.  Whether the defendant was denied a fair trial by the Court's denial of the defendant's motion for a continuance or motion for mistrial upon the State's failure to produce an essential witness within its control, and who was by the evidence the State's agent, but whom the State failed to produce?

*ISSUE ONE*

Collier contends that the verdict of the jury is contrary to law in that it violates the double jeopardy clause of the U.S. CONST. amend. V and IND. CONST. Art. 1, § 14 and the proportional punishment clause of IND. CONST. Art. 1, § 16.

The United States Supreme Court has held that the Fifth Amendment guarantee against double jeopardy is binding on the states through U.S. CONST. amend. XIV. See *Benton* v. *Maryland* (1969), 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707. That court also held in *North Carolina* v. *Pearce* (1969), 395 U.S. 711, 89 S.Ct. 2072 that the guarantee against double jeopardy consists of three separate constitutional protections as follows:

> "It protects against a second prosecution for the same offense after acquital. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense."

Collier contends that his conviction for a violation of the Offenses Against Property Act with its resulting one to ten year penalty and his conviction for conspiracy to commit a felony, to wit: violation of the Offenses Against Property Act with its resulting two to fourteen year penalty constitute a violation of his right to be protected against multiple punishments for the same offense. In other words Collier would have this court believe that since both of his convictions stem from the same prohibited conduct, he is being punished twice for the same offense. This argument is without merit.

The crime of conspiracy is a separate and distinct offense from the substantive felony which follows it. *Lane* v. *State* (1972), 259 Ind. 468, 288 N.E.2d 258. *In Durke* v. *State* (1932), 204 Ind. 370, 183 N.E. 97, the Indiana Supreme Court held that prosecution for burglary did not bar prosecution of the same defendant for conspiracy to commit burglary. In light of these decisions we hold here that one set of operative facts gave rise to two distinct of-

fenses and that Collier was not subjected to multiple punishments for the same offense. Therefore, the principle of double jeopardy does not apply.

Collier argues in his brief that conspiracy to commit a felony should be a lesser included offense of the felony involved and that "there are no. elements other than those necessary to support the charge of OAPA and Theft against the defendant Collier under the accessory theory than those elements that would be necessary to prove the charge of Conspiracy to Commit a Felony, to wit: OAPA. Thereby making the conspiracy charge a lesser included offense of the OAPA charge." If what Collier alleges is correct then this court would necessarily apply the rule in *Dembowski* v. *State* (1968), 251 Ind. 250, 240 N.E.2d 815, wherein the court held that a person cannot receive a penalty for the lesser included offense which is greater than the penalty for the greater offense, because it would violate Art. 1, § 16 of the Indiana Constitution.

However, in *Lane, supra,* the court held that since conspiracy to commit a felony is a separate and distinct offense from the felony itself because of the required element of unified or concerted action, then conspiracy to commit a felony is not a lesser included offense of that felony. For that reason the rule in *Dembowski, supra,* does not apply in this case.

## ISSUES TWO, THREE, AND FOUR

For the reason that each allegation of error raised by Collier in Issues Two through Four is based upon whether the evidence was sufficient to prove each element of the crimes for which he was convicted, we shall consider all of them together in a single discussion. Ind. Rules of Procedure, Appellate Rule 8.3 (A) (7).

In order for a jury to convict a person for a violation of the Offenses Against Property Act the state must prove be-

yond a reasonable doubt that that person knowingly obtained or exerted control over property of the owner and intended to deprive the owner of the use or benefit of the property. IC 1971, 35-17-5-3 (Burns Code Ed.).

In order for a jury to convict a person for conspiracy to commit a felony the state must prove beyond a reasonable doubt the elements contained in IC 1971, 35-1-111-1 (Burns Code Ed.) as follows:

> "Any person or persons who shall unite or combine with any other person or persons for the purpose of committing a felony, within or without this state; or any person or persons who shall knowingly unite with any other person or persons, body, association or combination of persons, whose object is the commission of a felony or felonies, within or without this state, shall, on conviction, be fined not less than twenty-five dollars [$25.00] nor more than five thousand dollars [$5,000], and imprisoned in the state prison not less than two [2] years nor more than fourteen [14] years."

To constitute conspiracy there must be an intelligent and deliberate agreement between two or more persons, but that agreement need not be formal and need not be proved by direct evidence. *Johnson* v. *State* (1935), 208 Ind. 89, 194 N.E. 619.

In reviewing the sufficiency of the evidence this court will not weigh the evidence nor resolve the question of credibility of witnesses, but will look only to the evidence most favorable to the state and the reasonable inferences therefrom which support the verdict of the jury. *Stiles* v. *State* (1973), 156 Ind. App. 675, 298 N.E.2d 466.

Collier alleges that the state offered no evidence which proved that he knew that Monroe and Russell were going to steal a motorcycle. He also alleges that the state submitted no evidence that he agreed with Monroe and Russell to steal Smith's motorcycle.

We do not agree with Collier's allegations. Although there is no direct evidence which demonstrates Collier's knowledge of or agreement to steal the motorcycle, there is abundant circumstantial evidence from which the jury could reasonably infer his guilt.

Circumstantial evidence can provide a basis for conviction. The test which is used in examining the sufficiency of circumstantial evidence on appeal is stated in *McAfee* v. *State* (1973), 259 Ind. 687 at 689, 291 N.E.2d 554, as follows:

". . . Where the sufficiency of circumstantial evidence is in question, we examine it carefully, not for the purpose of finding whether or not it is adequate to "overcome every reasonable hypothesis of innocence, but with the view of deciding whether an inference may be reasonably drawn therefrom tending to support the finding of the trial court." See also *Finger* v. *State* (1973), 260 Ind. 148, 293 N.E.2d 25.

We realize that circumstantial evidence which merely casts suspicion upon Collier would not be sufficient to give rise to a reasonable inference of his guilt. Here, however, the evidence, when viewed in the light most favorable to the state, reveals the following: At least five hours before Smith's cycle was actually stolen Collier told Wright and Nelson that he could get them a motorcycle that would cost $300. Without Collier's help the illegal sale would not have been consummated. From the above facts the jury could reasonably infer that Collier was involved with Monroe and Russell in a scheme to steal and sell a motorcycle and that he aided and abetted them in the performance of the theft.

*ISSUE FIVE*

It is Collier's contention that certain remarks made by the court in the presence of prospective jurors, concerning the late arrival of codefendants Russell and Monroe and the failure of their attorneys to properly notify them of the time of

the trial, created a prejudicial atmosphere which prevented Collier from receiving a fair trial.

In *Vedron* v. *State* (1975), 163 Ind. App. 28, 321 N.E.2d 848, the court said:

> "It has been held that it is the duty of the trial judge to preside at a hearing in an impartial manner and to refrain from doing any act or making any unnecessary comment which might cause prejudice to a defendant, or which is calculated to influence the minds of the jurors against a defendant. . . ."

In the case at bar the trial court merely chastised Russell and Monroe for their tardiness. The trial court may take reasonable steps to ensure that proper discipline and order exist in the courtroom. We find no prejudice which resulted from the court's remark. Any error which possibly could be found was cured by the court's final instruction which instructed the jury to disregard the tardiness of some of the defendants, that their late arrival had no bearing upon the case and was not to be considered by the jury.

## ISSUE SIX

Collier contends that he was denied a fair trial and adequate and competent counsel because of the court's failure to grant his motions for continuance before and during the trial.

In *Sweet* v. *State* (1954), 233 Ind. 160, 117 N.E.2d 745 at 746, the court said:

> "The fundamental right of a defendant in a criminal case to have competent counsel assist him in his defense carries with it as a necessary corollary the right that such counsel shall have adequate time in which to prepare the defense."

Collier points out that his trial counsel entered an appearance in his case five days before his trial was to commence. His counsel twice moved for a continuance without success before the trial began. Collier contends that his counsel did not have adequate time to prepare for trial and that he was prejudiced thereby.

We find no prejudice. It is true that counsel who represented Collier at trial on March 4, 1975 had entered his appearance on February 27, 1975. However, the record indicates that Collier had been represented by other counsel from the time of his arrest in early September until five days before his trial when his former counsel gave up the practice of law in order to assume the bench in Marion County. The defendant, therefore had access to effective counsel the whole time he was preparing for and awaiting trial.

In *Calvert* v. *State* (1968), 251 Ind. 119 at 122, 239 N.E.2d 697, the court said:

"It is well settled that a defendant in a criminal case cannot claim a continuance without showing proper cause therefor. This court has stated that continuances are not favored and will therefore only be granted in the furtherance of justice on the showing of proper grounds. If a continuance is based on other than statutory grounds, the motion is directed to the court's discretion."

In light of the fact that Collier had been adequately represented by counsel for six months before his trial, we hold that the court did not abuse its discretion in overruling his motion for continuance.

## ISSUES SEVEN AND EIGHT

Collier asserts that he was denied a fair trial by the court's denial of his motion for continuance during the course of the trial, so as to procure the attendance of a witness whose testimony would possibly have been favorable to him in setting up an entrapment defense.

A motion for continuance in order to procure the testimony of a witness who fails to appear at trial must be granted as a matter of right when the proper statutory requirements have been met. IC 1971, 35-1-26-1 (Burns Code Ed.) provides:

"A motion by the defendant to postpone the trial on account of the absence of evidence can be made only on affidavit showing materiality of the evidence expected to

be obtained, and that due diligence has been used to obtain it, and where the evidence may be; and if the postponement be asked on account of an absent witness, the affidavit must show the name and residence of the witness, if known, and the probability of procuring his testimony within a reasonable time. The affidavit must further show that the absence of such witness has not been procured by the act or connivance of the defendant, nor by others at his request, nor with his knowledge and consent, and what facts he believes the witness will testify to, and that he believes them to be true, and that he is unable to prove such facts by any other witness whose testimony can be as readily procured. . . . The defendant shall file such affidavit for continuance at least five [5] days before the date set for trial or shall sustain the burden of establishing to the satisfaction of the court, that the defendant is not at fault for failing to file such affidavit for continuance at an earlier date. . . ."

In the case at bar the record indicates that no affidavit was filed prior to trial which alleged the importance of or likelihood of obtaining the testimony of Raymond Nelson, who did not attend the trial. Collier made the motion for continuance orally at trial. Where no affidavit is filed which shows compliance with the requirements set forth in IC 1971, 35-1-26-1, *supra,* the defendant must bear the burden of satisfying the court that he was not at fault in failing to file the affidavit. The ruling on such an oral motion is discretionary with the court and can be reversed on appeal only where the trial court has clearly abused its discretion. See *Orms* v. *State* (1975), 165 Ind. App. 95, 330 N.E.2d 757.

The trial court did not abuse its discretion in the case at bar. The record indicates that Collier did not exercise diligence in discovering the importance of or in obtaining Nelson's testimony. Nelson was not subpoenaed by Collier until after the trial had commenced. If Collier had sought discovery, as he was entitled to do, he would have known that Nelson was not listed among the state's witnesses.

Collier contends that his trial counsel did not have time to utilize all of the discovery procedures which normally would have been available, because his trial counsel had been

retained by him only five days before the commencement of trial. We point out again that Collier had been represented by other counsel from the time of his arrest until his trial counsel was retained. Within that six month period of waiting and preparing for trial Collier had ample opportunity to utilize all available discovery procedures and subpoena any necessary witnesses.

Collier has waived *Issue No. Eight* by his failure to provide this court with any citations to authority in support of his argument. AP. 8.3(A)(7).

Judgment affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 362 N.E.2d 871.