UNITED STATES of America, Appellee,

v.

Oscar GREEN, Appellant.

No. 78–1237.

United States Court of Appeals,
Ninth Circuit.

Jan. 17, 1979.

Rehearing Denied April 18, 1979.

Before BROWNING and KENNEDY, Circuit Judges, and DUMBAULD,* District Judge.

KENNEDY, Circuit Judge:

Appellant Oscar Green was charged with one count of theft of government property and retention of the same knowing that it was stolen, in violation of 18 U.S.C. § 641, and one count of conspiracy to commit that offense, in violation of 18 U.S.C. § 371. The jury acquitted Green on the substantive count and convicted him for the conspiracy.

The conspiracy charge was that Green agreed with others to steal copper cable from the Naval Supply Center at Oakland, California. The evidence was that he assisted in the last of three thefts. Disinterested witnesses saw him at a building called the Submarine Battery Storage Building, a place where cable was not usually stored or handled. He was seen operating a forklift to load the cable on a commercial truck, destined for off-base delivery.

The evidence also showed that Green, by agreement with at least one other conspirator, lied about the incident to FBI agents, who first interviewed Green two days after he loaded the truck. Green told the agents his supervisor, Smith, asked him to load the truck for an extra thirteen dollars and that this was the first time he had handled the cable. Three weeks later, in the presence of his attorney, Green admitted to the FBI that his previous statement was false in part, and that he had lied on Smith's instructions. In his new statement Green said that he had transferred the copper cable to the Submarine Battery Storage Warehouse during his lunch hours over a period of several days prior to the theft. Green still claimed that he was unaware of anything unusual until, during the loading operation, a building foreman arrived and began to make notes.

John D. O'Connor, Asst. U.S. Atty. (argued), San Francisco, Cal., for the United States.

J. Frank McCabe (argued), of Goorjian & McCabe, San Francisco, Cal., for Oscar Green.

* Honorable Edward Dumbauld, United States District Judge for the Western District of Pennsylvania, sitting by designation.

There was adequate evidence from which the jury could have inferred, by reasons of Green's lie and the circumstances surrounding his loading of the material, that he was a knowing participant in the conspiracy to steal the cable at the time he loaded it on the truck. A problem arises, however, because the indictment, beyond alleging the overt acts consisting of Green's participation in loading the cable, contained the additional allegation that it was "part of the conspiracy that the defendants would conceal the existence of this conspiracy by making false and misleading statements to the investigators." Further, one overt act alleged to be in furtherance of the conspiracy was that "Oscar Green concealed the truth about this conspiracy from agents of the FBI."

 If a series of crimes are encompassed by a single conspiracy and before all the crimes are committed there is knowing participation by one who conceals the plan in aid of its successful completion, the participant may be guilty as a conspirator. *United States v. Etheridge,* 424 F.2d 951, 964–65 (6th Cir. 1970), *cert. denied,* 400 U.S. 993, 91 S.Ct. 463, 27 L.Ed.2d 442 (1971). If the principal objects of a conspiracy have been accomplished before an act of concealment, however, then in all but the unusual case the conspiracy has ended before the cover-up begins, and one who conceals the completed crime is not by that act guilty of conspiracy to commit the substantive offense. The Supreme Court recognized this principle in *Grunewald v. United States,* 353 U.S. 391, 405, 401–02, 77 S.Ct. 963, 974, 1 L.Ed.2d 931 (1957), where it stated:

> [A] vital distinction must be made between acts of concealment done in furtherance of the *main* criminal objectives of the conspiracy, and acts of concealment done after these central objectives

have been attained, for the purpose only of covering up after the crime. . . .
[A]fter the central criminal purposes of a conspiracy have been attained, a subsidiary conspiracy to conceal may not be implied from circumstantial evidence showing merely that the conspiracy was kept a secret and that the conspirators took care to cover up their crime in order to escape detection and punishment.

In the case before us, if there had been an objection to the indictment on grounds that the act of concealment occurred after the principal objects of the conspiracy were accomplished, and that including the agreement to conceal as part of the original conspiracy was improper, we probably would have found the point well taken. No such objection was made, however.[1]

One objection made to the allegation in question was that it was an unsuccessful attempt to state a conspiracy to violate 18 U.S.C. § 1001, which proscribes making a knowing false statement to a department or agency of the United States. In a pretrial conference defense counsel argued that Green and a codefendant had not initiated the investigation, or sought a benefit from it, so that the statutory violation was not established. The Government disclaimed any attempts to prosecute on this theory. A second objection was that Green and Smith had not agreed with any other principals in the case to conceal the conspiracy, and so the agreement was not properly charged as part of the original conspiracy. The Government replied that its proof would show otherwise.

 The defendant thus failed to alert the trial court to an objection on the theory established by the *Grunewald* case, and we do not think an appeal may now be taken on that ground. *United States v. Gulino,* 598 F.2d 256 (9th Cir. 1978); *United States*

---

1. We emphasize that our holding relates to the substantive law of conspiracy, and not to the law of evidence. Post-conspiracy acts or declarations may be admissible for several purposes, *see, e. g., Anderson v. United States,* 417 U.S. 211, 218–21, 94 S.Ct. 2253, 41 L.Ed.2d 20 (1974); *United States v. Wentz,* 456 F.2d 634, 637 (9th Cir. 1972); *United States v. Estrada,* 441 F.2d 873, 877–78 (9th Cir. 1971); *Feyrer v. United States,* 314 F.2d 110, 112–13 (9th Cir. 1963), *cert. denied,* 381 U.S. 940, 85 S.Ct. 1774, 14 L.Ed.2d 703 (1965), and as we have held above, the statements regarding Green's lying to the FBI were properly admitted in this case to show consciousness of guilt at the time he loaded the truck.

*v. Pheaster,* 544 F.2d 353, 359–63 (9th Cir. 1976). The indictment was fully sufficient to state an actionable conspiracy in other respects, and it was not plain error to proceed with the trial under the indictment as drawn. *See United States v. Segna,* 555 F.2d 226, 231 (9th Cir. 1977).

██ It is contended further that because the prosecutor emphasized Green's lie in the closing statement to the jury, the conviction rests upon the ground prohibited by *Grunewald.* We find no merit to that contention. The prosecutor argued:

> Read the indictment if you have any doubt about Mr. Green. I think the case is completely clear on Mr. Green. It doesn't depend on Mr. Swiney's testimony at all. It is there. He was seen by disinterested parties. He said the lies. Even if you think that Mr. Green or you have doubt that Mr. Green was involved in this prior to the loading of January 11th, he admits he made a false and misleading statement to the F.B.I. to cover up the theft of this property.
>
> Read the instructions on conspiracy. That is clearly an act that was charged, an overt act in the conspiracy; a false and misleading statement. If you find that he made false and misleading statements to agents of the F.B.I. to cover up this investigation, he is guilty of conspiracy.

R.T. at 444–45. Green made no objection to the argument and did not claim in the trial court that it was a misleading or erroneous statement of the law. Absent such objection, we do not find that the court's failure to correct the statement was plain error. Fed.R.Crim.P. 52(b); *United States v. Segna, supra.*

The statement came after the prosecutor had reviewed the evidence tending to show that Green was a knowing conspirator. The summary emphasized, among other matters, that: Green transferred the cable to the warehouse three days before the theft; cable was not stored in that warehouse; customary warehouse marks and paperwork authorizing the storage were absent; it was not Green's regular duty to load off-base trucks; and all these facts were known to Green. This perhaps explains why trial counsel did not consider the portion of the argument we have quoted to be misleading. Given the full context of the prosecutor's remarks, it is possible to interpret his argument to the jury to mean that the false statements made by Green were evidence of his guilty knowledge which, considered with the evidence previously mentioned, established his guilt as a conspirator.

██ It is proper to show that an alleged conspirator lied in order to prove consciousness of guilt, even if the lie does not constitute a part of the conspiracy. Viewed in this light the argument was proper, although since the statement could be interpreted otherwise, this might have been grounds for sustaining an objection if one had been interposed.

██ Finally, Green's acquittal of the substantive count is not grounds for setting aside his conviction for the conspiracy. *United States v. Miller,* 546 F.2d 320, 324–25 (9th Cir. 1976).

AFFIRMED.