Theodore **WEEKLEY**,
Defendant-Appellant,

v.

**STATE of Indiana, Plaintiff-Appellee.**

No. 1–680A163.

Court of Appeals of Indiana,
First District.

Jan. 29, 1981.

John D. Clouse, Michael C. Keating and Laurie A. Baiden, Evansville, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Theodore Weekley was charged with forgery[1] and conspiracy to commit forgery.[2] Trial by jury resulted in acquittal of forgery and conviction of conspiracy. Weekley appeals from his conviction on the conspiracy count. We affirm.

1. Ind. Code 35–43–5–2:
"A person who, with intent to defraud, makes or utters a written instrument in such a manner that it purports to have been made:
(1) By another person;
(2) At another time;
(3) With different provisions; or
(4) By authority of one who did not give authority; commits forgery, a class C felony."

2. Ind. Code 35–41–5–2:
"(a) A person conspires to commit a felony when, with intent to commit the felony, he agrees with another person to commit the felony. A conspiracy to commit a felony is a felony of the same class as the underlying felony. However, a conspiracy to commit murder is a class A felony.

"(b) The state must allege and prove that either the person or the person with whom he agreed performed an overt act in furtherance of the agreement.

"(c) It is no defense that the person with whom the accused person is alleged to have conspired:
(1) Has not been prosecuted;
(2) Has not been convicted;
(3) Has been acquitted;
(4) Has been convicted of a different crime;
(5) Cannot be prosecuted for any reason; or
(6) Lacked the capacity to commit the crime."

## STATEMENT OF FACTS

The evidence most favorable to the State reveals that one Helen Boulden received a Social Security check in the amount of $192.80 each month, usually by the third day of each month. She did not receive her November 1978 check. Having been advised by her postman that her check had been delivered, she informed the Evansville police department that her check was missing. Boulden had not given anyone permission to obtain her check and did not endorse the check.

On November 4, 1978, Weekley came to the home of Juanita Crenshaw and asked Juanita and her sister Sherlene to accompany him and James Taylor to Jerry's Market and to cash some checks for him. Weekley promised Juanita and Sherlene twenty dollars each and some groceries if they would cash the checks. The four proceeded to the market in an automobile. Weekley gave a check to Juanita which bore an endorsement. Juanita went into the market, bought some groceries cashing the check to pay for them, returned to the car, gave the change to Weekley who let her keep the groceries and gave her twenty dollars. Weekley gave another check to Taylor who gave it to Sherlene. This check either already had been endorsed or was then endorsed by Taylor. This was Helen Boulden's Social Security check. Sherlene attempted to repeat the same procedure performed by Juanita. However, the store had been alerted to the possibility of certain stolen checks being passed. The cashier,

Sheila Allen, checked a list of stolen checks and found this check on the list. She called Officer Bennett of the Vanderburgh County police who was then working as a security guard in the market. All four persons were then apprehended. Later, both Juanita and Sherlene gave statements to the police and postal authorities. Boulden's Social Security check was identified by Boulden, Sheila Allen, Sherlene Crenshaw, and Officer Bennett. A fingerprint expert employed by the U.S. Postal Inspection Service identified latent fingerprints found on this check as those of Weekley. Sherlene, Taylor, and Weekley were jointly charged in both counts. Juanita has never been charged. Sherlene received three years probation as a result of a plea bargain. Taylor and Weekley were tried jointly. Both Sherlene and Juanita testified for the state.

## ISSUES

Weekley presents the following issues for our consideration:

1. Did the court err in refusing certain instructions tendered by Weekley?

2. Was the verdict of the jury supported by sufficient evidence?

3. Was the verdict contrary to law in that the acquittal on the substantive count and the conviction on the conspiracy count are fatally inconsistent requiring acquittal on both counts?

## DISCUSSION AND DECISION

*Issue One*

Weekley contends the court committed reversible error in refusing his tendered instructions numbered 3, 4, 5, and 6. Weekley's tendered instruction 3 stated:

"I instruct you that if there is a conflict of evidence and you cannot determine a fact in your own minds from the evidence, then you should give the benefit of the doubt to the defendants. Therefore, if the evidence in this case, on any material point necessary to a convic-

tion, is so conflicting that you cannot determine whether they are guilty or innocent you should give the defendants the benefit of the doubt."

His instruction 4 read as follows:

"The weight of the evidence is not necessarily determined by the number of witnesses testifying on either side. You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of greater credence. You may find that the testimony of a small number of witnesses on one side is more credible that [sic] the testimony of a greater number of witnesses on the other side."

We believe the subjects of Weekley's instructions 3 and 4 were adequately covered by the court's instruction 16 [3] which told the jury:

"You are the sole judges of the facts and credibility of witnesses who have testified in this case. It is your duty to reconcile all the statements of the witnesses on the theory that the defendants are innocent, if you can. If you cannot reconcile the statements of witnesses on account of contradictions, then you have a right to believe the witness or witnesses you deem most worthy of credit and disbelieve the witness or witnesses whom you believe least worthy of credit. In determining whom you will believe, you may consider the nature of the evidence given by them, their interest, bias or prejudice, if any, disclosed; their opportunity for knowing the facts about which they testify; their manner and deportment while on the witness stand; how far they are corroborated by other testimony, and in weighing the testimony and determining the credibility of the witnesses, it is proper for you to take into consideration all the surrounding circumstances of the witnesses as brought out in the evidence, their interest, if any, in the result of the action, and such other facts appearing in the evidence as will, in your opinion, aid you in determining whom you will believe; and you may also in considering

3. This same instruction also was given as part of the court's preliminary instructions.

whom you will or will not believe, take into account your experience and relations among men."

■ Weekley's tendered instructions 3 and 4 concerned credibility of witnesses and the manner of weighing the testimony. In our opinion, the court's instruction number 16 adequately instructed the jury on these points. An instruction may be refused without error if the subject is sufficiently covered by other instructions. *Hoskins v. State*, (1978), 268 Ind. 290, 375 N.E.2d 191. "The court is not bound to give an instruction, although it may be a correct statement of the law and applicable to the evidence, if the substance thereof is covered by instructions which are given." *Daniels v. State*, (1980) Ind., 408 N.E.2d 1244, 1247. Weekley argues that the court's instruction did not cover the issue of the number of witnesses testifying which was the subject of his instruction number 4. While Weekley's instruction 4 may have been an ampler statement of the law, it was not error to refuse it. *Smith v. State*, (1980) Ind.App., 403 N.E.2d 869. Since we believe the jury was adequately instructed on the matter of credibility of witnesses and manner of weighing their testimony, it was not error to refuse tendered instructions 3 and 4. Further, we point out that the jury also was properly instructed on the state's burden of proof and the presumption of innocence. Thus, no prejudice has been shown.

■ Weekley's tendered instruction number 5 stated:

"An accomplice is one who unites with another person in the commission of a crime, voluntarily and with common intent. An accomplice does not become incompetent as a witness because of participation in the crime charged. On the contrary, the testimony of one who asserts by his testimony that he is an accomplice may be received in evidence and considered by the jury, even though not corroborated by other evidence, and given such weight as the jury feels it should have. The jury, however, should keep in mind that such testimony is always to be received with caution and considered with great care."

This instruction appears to be taken from language employed in *Newman v. State*, (1975) 263 Ind. 569, 334 N.E.2d 684; *Green v. State*, (1960) 241 Ind. 96, 168 N.E.2d 345; and *Kleihege v. State*, (1934) 206 Ind. 206, 188 N.E. 786. However, the fact that certain language appears in an opinion does not necessarily make such language proper in a jury instruction. *Drollinger v. State*, (1980) Ind., 408 N.E.2d 1228; *Jacks v. State*, (1979) Ind., 394 N.E.2d 166. In *Turner v. State*, (1972) 258 Ind. 267, 271, 280 N.E.2d 621, our Supreme Court held improper an instruction stating "[t]he testimony of an accomplice should be cautiously received and carefully scrutinized by the jury, and weighed by the jury according to its credibility." It is true *Turner* is an earlier decision than *Newman* and that Justice DeBruler dissented in *Turner*. However, since *Turner*, both our Supreme Court and this court have held that instructions almost identical or very similar in wording to Weekley's instruction 5 were properly refused. *Drollinger v. State, supra; Brown v. State*, (1980) Ind.App., 403 N.E.2d 901 (*transfer pending*); *Morris v. State*, (1977) 266 Ind. 473, 364 N.E.2d 132. Both *Drollinger* and *Morris* held that general instructions on the subject of credibility of witnesses given by the court were sufficient to cover the issue of credibility of an accomplice.[4] Therefore, it was not error to refuse instruction 5.[5]

---

4. The court's general instruction on credibility in *Drollinger v. State*, bears marked similarity to the court's instruction 16 in this case. *See* 408 N.E.2d at 1241.

5. We also note that cross-examination of Juanita revealed that no charges had been filed against her and that she was reasonably sure her cooperation with the police in testifying *would help her*. Juanita said she had been made no promises but had been told she might get probation. Cross-examination of Sherlene disclosed that her bond had been reduced from $10,000 to $100, and that she had received three years' probation. Thus, the matter of leniency granted to, or expected, by Juanita and Sherlene in exchange for their testimony was fully disclosed to the jury and available for their consideration in determining credibility of those witnesses.

█ Instruction number 6 tendered by Weekley told the jury they had "no right to find the defendant guilty only for the purpose of deterring others from committing crime [sic]." Our Supreme Court has recently upheld the refusal of an identical instruction in *Cherry v. State*, (1981) Ind., 414 N.E.2d 301, Ind. No. 1079 S. 273. The court there held the substance of the tendered instruction was adequately covered by instructions admonishing the jury not to consider matters outside the evidence and advising them of the presumption of innocence and state's burden of proving guilt beyond a reasonable doubt. These matters were covered adequately in the instructions given by the court. The refusal of Weekley's instruction 5 was not error.

*Issue Two*

Weekley next contends the evidence is insufficient to support the conviction. When an appellant contests the sufficiency of the evidence to sustain the jury's verdict, this court will neither weigh the evidence nor resolve questions of credibility of the witnesses. *Hicks v. State*, (1980) Ind., 401 N.E.2d 702. Rather, we will consider only the evidence which is most favorable to the state, together with all reasonable inferences to be drawn therefrom. If, from that viewpoint, there is substantial evidence of probative value to support the verdict, the conviction will not be set aside. *Williams v. State*, (1980) Ind., 406 N.E.2d 241; *Brames v. State*, (1980) Ind., 406 N.E.2d 252.

█ Viewed from the perspective of proper appellate review, it is clear the evidence is sufficient to support the conviction. It is true the conviction is necessarily supported in part by the testimony of accomplices or co-conspirators, Juanita and Sherlene Crenshaw, but such fact does not deprive the conviction of sufficient evidentiary support. A conviction may be based entirely upon the testimony of an accomplice. *Drollinger v. State, supra; Walker v.*

*State*, (1980) Ind., 409 N.E.2d 626. A co-conspirator is an accomplice and is a competent witness. *Gubitz; McCraney v. State*, (1977) 172 Ind.App. 343, 360 N.E.2d 259, *trans. den.* Weekley's allusions to certain alleged contradictions in the testimony of the Crenshaw sisters are nothing more than an invitation for us to reweigh the evidence. This invitation we must decline.

*Issue Three*

█ Weekley next contends the verdict of conviction on the conspiracy count is inconsistent with the verdict of acquittal on the substantive count charging forgery. We recently addressed this identical issue in *Brown v. State, supra*, where we held that acquittal of the substantive charge was not a bar to a conviction of conspiracy to commit that felony. In *Brown*, we pointed out that both our Supreme Court and this court have held that a defendant may be convicted both of the substantive offense and conspiracy to commit the offense. *Elmore v. State*, (1978) 269 Ind. 532, 382 N.E.2d 893; *Collier v. State*, (1977) 173 Ind.App. 120, 362 N.E.2d 871, *trans. den.* *Elmore* and *Collier* declare that conspiracy is a separate and distinct offense from the substantive felony which follows it. The same reasoning which supports the view that conviction of the substantive offense does not bar a conspiracy conviction also sustains the position that acquittal of the substantive offense does not preclude conviction of conspiracy to commit the felony. *Brown v. State, supra.* Courts in other jurisdictions have specifically so held. *United States v. Seelig*, (5th Cir. 1974), 498 F.2d 109; *State v. Thompson*, (1949) 241 Iowa 16, 39 N.W.2d 637; *Commonwealth v. Shea*, (1948) 323 Mass. 406, 82 N.E.2d 511; *State v. Westbrook*, (1954) 79 Ariz. 116, 285 P.2d 161; *Connelly v. State*, (1941) 30 Ala.App. 91, 1 So.2d 606; *Scarlett v. State*, (1953) 201 Md. 310, 93 A.2d 753, *cert. den.* 345 U.S. 955, 73 S.Ct. 937, 97 L.Ed. 1377. In *Scarlett* the court said at 93 A.2d 757: "But *it is beyond*

*question that an acquittal of a particular crime does not bar a subsequent prosecution for conspiracy to commit the crime....* " (Citations omitted.) (Emphasis added.) Other recent cases adhering to the rule that acquittal of the substantive offense does not preclude conviction of conspiracy to commit the offense are *United States v. Green*, (9th Cir. 1979) 594 F.2d 1227, *cert. den.* 444 U.S. 853, 100 S.Ct. 108, 62 L.Ed.2d 70; *United States v. Miller*, (9th Cir. 1976) 546 F.2d 320.

There are certain exceptions to the rule that acquittal of the crime does not bar conviction of conspiracy to commit the crime. Those exceptions appear to fall into two categories: (1) where the necessary proof on the substantive charge is identical with that required for conviction on the conspiracy count, *United States v. Fassoulis*, (2d Cir. 1971) 445 F.2d 13, *cert. den.* 404 U.S. 858, 92 S.Ct. 110, 30 L.Ed.2d 100; *United States v. Frank*, (2d Cir. 1975) 520 F.2d 1287, *cert. den.* 423 U.S. 1087, 96 S.Ct. 878, 47 L.Ed.2d 97; [6] and (2) the so-called "Wharton's Rule" [7] which says that if there must be two or more people involved in order to commit the substantive offense and those persons are acquitted thereof, they cannot be convicted of a conspiracy to commit that crime. *Brown v. State, supra.* Forgery, either of the making or uttering variety, is an offense which can be committed by one person acting alone. Consequently, "Wharton's Rule" has no application to this case. We do not find this case to be within either exception.

The elements of forgery and conspiracy to commit forgery are different. Each offense requires proof of facts which the other does not and are not the same offense. Rather, they are two separate offenses. However, it has been said:

"Where the substantive offense is the overt act necessary to sustain conviction on the conspiracy count, an acquittal of the substantive offense operates as an acquittal of the conspiracy count, if the acquittal of the substantive offense constitutes a determination that the overt act was not committed. However, if the acquittal on the substantive count does not necessarily constitute a determination that the overt act was not committed, the acquittal does not preclude a conviction on a conspiracy count." (Footnotes omitted.)

16 Am.Jur.2d, *Conspiracy*, § 37 (1979). Thus, in *Ex parte Johnston*, (1935) 3 Cal.2d 32, 43 P.2d 541, where the only overt acts alleged were the commission of the substantive offense, it was held that acquittal of the substantive offense barred conviction of conspiracy to commit the offense. In *People v. Yant*, (1938) 26 Cal.App.2d 725, 80 P.2d 506, the court said that since other overt acts were shown, the conspiracy conviction could stand in the face of acquittal of the substantive charge. *Accord, People v. Prince*, (1968) 268 Cal.App.2d 398, 74 Cal. Rptr. 197. In another California case, *People v. Witt*, (1975) 53 Cal.App.3d 154, 125 Cal.Rptr. 653, which involved forgery of a will, the court said since the overt act charged against Witt was going to an office machine store and causing the proprietress to type the will, and not the forgery itself, acquittal of the forgery did not preclude the conspiracy conviction.

An analogous case is *United States v. Pugh* (E.D.Pa.1977) 437 F.Supp. 944, *aff'd* 578 F.2d 1376. There, the defendant was charged with four counts of bank robbery and one count of conspiracy. The overt acts charged in the robbery counts were entering the bank and using a handgun. The overt acts alleged in support of the conspiracy were driving an automobile to the bank, entering the bank, and leaving the bank. The court held that the overt

---

**6.** Both the *Fassoulis* and *Frank* cases state the exception but found it inapplicable to the fact situation of the case.

**7.** The classic "Wharton Rule" offenses are adultery, incest, bigamy, and dueling. *Iannelli v. United States*, (1975) 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616.

acts were sufficiently different to allow conviction of the conspiracy even though the defendant was acquitted on the robbery counts. Furthermore, the court said the result would have been no different had there been no difference in the alleged overt acts.

Here, the overt act charged against Weekley was possessing the check in question after it had been stolen from Boulden. This was clearly a different or additional overt act from the forgery itself. In addition, testimony received without objection showed that Weekley gave the Boulden check to Taylor who, in turn, gave it to Sherlene Crenshaw, and that Weekley gave Sherlene instructions concerning getting some groceries and cashing the check. Acquittal on the forgery count did not amount to a finding that these overt acts were not committed. Therefore, this case is not one where acquittal of the substantive charge requires acquittal of conspiracy. This case fits squarely within the rule permitting conviction of conspiracy where there has been an acquittal on the substantive charge

when different or additional overt acts, other than the commission of the substantive offense itself, are established.[8]

■ Weekley also contends that permitting the conspiracy conviction to stand under the circumstances is cruel and unusual and is violative of due process, due course of law, equal privileges and equal protection of the law as guaranteed by state and federal constitutions. He presents neither cogent argument nor citation of authority in support of such contention, and has thereby waived such issue. Indiana Rules of Procedure, Appellate Rule 8.3(A)(7); *Krueger v. Bailey*, (1980) Ind.App., 406 N.E.2d 665; *Southerland v. Calvert*, (1974) 162 Ind.App. 606, 320 N.E.2d 803.

This case is, therefore, controlled by the general rule that acquittal of the substantive offense does not preclude a conviction of conspiracy to commit that offense.

The judgment is affirmed.

NEAL, P. J., and ROBERTSON, J., concur.

---

8.  Prior to October 1, 1977, the Indiana conspiracy statute IC 35–1–111–1 did not require allegation and proof of commission of an overt act in furtherance of the conspiracy. The overt act requirement was added in IC 35–41–5–2, the present conspiracy statute which replaced IC 35–1–111–1.