**Howard J. HOSSMAN,
Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 1–1184A271.**

Court of Appeals of Indiana,
First District.

Sept. 18, 1985.
Rehearing Denied Oct. 29, 1985.

See also 473 N.E.2d 1059.

Larry A. Landis, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

## STATEMENT OF THE CASE

RATLIFF, Presiding Judge.

Appellant Howard J. Hossman appeals from a jury verdict, in the Wayne Superior Court, finding him guilty of burglary and conspiracy, both class C felonies. We affirm.

## FACTS

Howard J. Hossman (Hossman) was originally tried in February of 1983, in the Wayne Superior Court, No. 2 for burglary, conspiracy, and receiving stolen property. The underlying factual basis was the same for all three charges. A jury found Hossman guilty of receiving stolen property, a class D felony under Indiana Code section 35–43–4–2(b). However, the jury was unable to reach a verdict on the burglary and conspiracy charges and so a mistrial was declared on those issues.

The underlying facts, found at Hossman's retrial for burglary and conspiracy, show that Hossman asked Gary Crumpton and Danny Slinker to break into the dwelling of Ruth Kercheval to steal some drinking glasses.[1] Slinker and Crumpton testified that they broke into the house on or

---

1. The house was unoccupied due to Ruth Kercheval's death.

about October 23, 1981, and stole certain items. This testimony was corroborated by Belinda Goodwin who testified that she and her sister picked up the two men, who were carrying a box with the items taken from Kercheval's house, after the break in. The four of them proceeded to a location near Hossman's parents' house. Slinker and Crumpton left the car and were gone for about one half hour. Slinker and Crumpton testified that during this time they went into Hossman's parents' house and sold the stolen goods to Hossman for $70—$80.

The jury, at the retrial, found Hossman guilty of burglary and conspiracy, both class C felonies. The court sentenced Hossman to five years of imprisonment on each charge, to be served concurrently. These sentences were also to be served concurrently with the two year sentence Hossman received for his conviction for receiving stolen property. However, Hossman's conviction for receiving stolen property was subsequently reversed on appeal. Appellant then perfected this appeal. Further facts will be developed below.

## ISSUES

1. Did the retrial and conviction for burglary and conspiracy, after a conviction for receiving stolen property, violate the provisions of the double jeopardy clause?

2. Did the trial court err in excluding evidence relating to the alleged prejudice and bias of a State witness?

3. Did the trial court err in admitting evidence showing past acts of the appellant?

## DISCUSSION AND DECISION

*Issue One*

██  The Fifth Amendment Double Jeopardy Clause, applicable to the states through the Fourteenth Amendment, provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S.C.A. Const. Amend. 5 (1972); *Brown v. Ohio* (1977), 432 U.S. 161, 164, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187, 193; *Elmore v. State* (1978), 269 Ind. 532, 533, 382 N.E.2d 893, 894. The Clause serves principally as a restraint on courts and prosecutors and has been held to embody three prohibitions: (1) a rule barring reprosecution for the same offense after acquittal; (2) a rule prohibiting reprosecution for the same offense after conviction, and; (3) a rule prohibiting multiple punishment for the same offense. *Brown*, 432 U.S. at 165, 97 S.Ct. at 2225, 53 L.Ed.2d at 194; *Elmore*, 269 Ind. at 534, 382 N.E.2d at 894; *Martakis v. State* (1983), Ind.App., 450 N.E.2d 128, 129–30, *trans. denied.* The focus of any inquiry in this type of situation is not whether the offenses to be prosecuted or punished arise from the same factual setting, but rather whether the offenses are the same for purposes of double jeopardy.[2] *Elmore*, 269 Ind. at 534, 382 N.E.2d at 895, 897.

The United States Supreme Court, in *Blockburger v. United States* (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, devised a test for determining whether offenses are the same under the Double Jeopardy Clause: "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* at 304, 52 S.Ct. at 182, 76 L.Ed. at 309. The test emphasizes the elements of the offenses and so "[i]f each requires proof of

---

2. The Supreme Court of Indiana explains:
   "The inquiry into whether the offenses stem from the same act is merely the first step in the analysis. If the offenses are premised upon different acts, the problem is not so great. But where they do arise from the same act, we must proceed to determine whether the offenses charged are themselves the same, for the Double Jeopardy Clause was written in terms of the 'same offense,' not the same act. In other words, the fact that the offenses stem from the same act merely informs us that there is a potential problem; it is not a solution to the problem. The ultimate focus is on the identity of the offenses, not on the identity of their source."
   *Elmore,* 269 Ind. at 539, 382 N.E.2d at 897.

a fact that the other does not, the *Block-burger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes...." *Iannelli v. United States* (1975), 420 U.S. 770, 785, n. 17, 95 S.Ct. 1284, 43 L.Ed.2d 616. As noted, Indiana has employed the *Blockburger* test to determine that double jeopardy does not result from offenses arising from the same act unless the offenses are the same. *Elmore*, 269 Ind. at 537, 382 N.E.2d at 897. Thus, the *Blockburger* test is the applicable standard for determining whether Hossman was exposed to double jeopardy.

■ While stemming from the same factual circumstances, Hossman's trial and convictions for conspiracy and burglary, following his conviction for receiving stolen property, satisfy the *Blockburger* test. Indiana Code section 35-43-4-2 (Burns 1985) states that "[a] person who knowingly or intentionally receives, retains, or dispenses of the property of another person that has been the subject of theft commits receiving stolen property, a class D felony." The conspiracy statute, Indiana Code section 35-41-5-2 (Burns 1985), provides in pertinent part that:

"(a) A person conspires to commit a felony when, with intent to commit the felony, he agrees with another person to commit the felony. A conspiracy to commit a felony is a felony of the same class as the underlying felony....

(b) The state must allege and prove that either the person or the person with whom he agreed performed an overt act in furtherance of the agreement."

Finally, Indiana Code section 35-43-2-1 (Burns 1985) provides that "[a] person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a class C felony." While some of the facts overlap, each of these three crimes require proof of facts that the others do not. To be convicted of receiving stolen property it must be shown that a person received, retained, or disposed of property that has been the subject of a theft. A conviction for burglary requires proof that a person broke into and entered the building of another with intent to commit a felony therein. Conspiracy, to be proven, requires facts demonstrating an agreement with another and performance of an overt act in furtherance of that agreement. Therefore, while the three offenses arise from the same underlying circumstances, the factual elements required to prove each one differ. Consequently, the theft of the glasses resulted in three separate offenses for which the jury could find Hossman guilty. Therefore, Hossman's trial and convictions for conspiracy and burglary, following his conviction for receiving stolen property, do not appear to amount to double jeopardy.

■ However, Hossman extends his double jeopardy argument by asserting the charging informations were worded so as to make theft an included and lesser offense of conspiracy and burglary respectively.[3] Hossman correctly points out that

---

**3.** The three informations, found in the Record at 18 and 116, omitting formal parts, read as follows:

"1. *Burglary*
Before me, Gerald E. Surface, Prosecuting Attorney, 17th Judicial Circuit of Indiana, personally came Denzel Williams who, being duly sworn, upon his oath says that Howard Hossman, late of Wayne County, State of Indiana, on or about the 23rd day October, A.D., 1981, at and in the County of Wayne and State of Indiana, did then and there unlawfully break and enter the building, property of the estate of Ruth Kercehval, situated at 125 South 11th Street, Richmond, Indiana, with intent to commit a felony therein, to-wit: theft, then and there being contrary to the form of the statute in such cases made and

provided, and against the peace and dignity of the State of Indiana.
"2. *Conspiracy*
Before me, Gerald E. Surface, Prosecuting Attorney, 17th Judicial Circuit of Indiana, personally came Denzel Williams who, being duly sworn, upon his oath says that Howard Hossman, late of Wayne County, State of Indiana, on or about the 23rd day of October, A.D., 1981, at and in the County of Wayne and State of Indiana, did then and there unlawfully and knowingly conspire with Danny Slinker and James Crumpton to commit a felony, to-wit: Burglary, a Class C Felony, by agreeing with Danny Slinker and James Crumpton and requesting the said Danny Slinker and James Crumpton to break and enter the building of Ruth Kercheval, deceased, located at

a court must look at the manner in which an offense is charged, not merely at its statutory definition, in applying the *Blockburger* test. *Tawney v. State* (1982), Ind., 439 N.E.2d 582, 588. In addition, the United States Supreme Court has found that the Fifth Amendment Double Jeopardy Clause forbids successive prosecution and cumulative punishment for greater and lesser included offenses. *Brown*, 432 U.S. at 169, 97 S.Ct. at 2227, 53 L.Ed.2d at 195. Consequently, Hossman argues the Double Jeopardy Clause was violated because the charging information made theft an included offense of burglary and conspiracy and he had already been tried and convicted of theft.

■ Hossman's assertion that he was exposed to double jeopardy on his retrial for conspiracy due to the wording of the information is incorrect. The conspiracy charge was based on the underlying act of breaking and entering the Kercheval house with intent to commit a felony (theft) pursuant to an agreement to do so. Hence, the overt act in furtherance of the conspiracy was the breaking and entering by Slinker and Crumpton. The charging information, therefore, did not make theft an included offense of conspiracy. Moreover, Hossman's prior conviction under the theft statute, Ind.Code § 35-43-4-2(b) was for receiving stolen property not for stealing it

himself. Thus, there was no Double Jeopardy problem regarding the wording of the conspiracy information.

**[6-9]** In addition, it is a recognized principle that conspiracy is a separate crime posing distinct dangers apart from those of the underlying substantive offense. *Iannelli*, 420 U.S. at 777-78, 95 S.Ct. at 1289, 43 L.Ed.2d at 622; *Elmore*, 269 Ind. at 542, 382 N.E.2d at 898. A person may be convicted of both the substantive act and conspiracy to commit the act. Separate sentences are therefore usually imposed for the conspiracy and the subsequent completion of the act. *Id.*, 420 U.S. at 777-78, 95 S.Ct. at 1289, 43 L.Ed.2d at 622; *Huff v. State* (1983), Ind.App., 443 N.E.2d 1234, 1239. Furthermore, acquittal of the substantive offense does not preclude a conviction of conspiracy to commit the offense.[4] *Id.; Hopper v. State* (1985), Ind., 475 N.E.2d 20, 24; *Huff*, at 1238; *Weekley v. State* (1981), Ind.App., 415 N.E.2d 152, 156. Under these principles, the Supreme Court of Indiana has held theft and conspiracy to commit theft are separate offenses. *Elmore*, 269 Ind. at 541, 382 N.E.2d at 898. These considerations, coupled with Hossman's misinterpretation of the conspiracy information, demonstrate that the Double Jeopardy Clause was not violated by the retrial and conviction of Hossman.

---

125 South 11th Street, Richmond, Wayne County, Indiana with the intent to commit a felony therein, to-wit: Theft, the said Danny Slinker and James Crumpton in furtherance of the agreement with Defendant, did break and enter the said building and commit the said crime of Theft, then and there being contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana. "3. *Receiving Stolen Property* Before me Gerald E. Surface, Prosecuting Attorney, 17th Judicial Circuit of Indiana, personally came Denzel Williams, who, being duly sworn, upon his oath says that Howard Hossman, late of Wayne County, State of Indiana, on or about the 23rd day of October, A.D., 1981, at and in the County of Wayne and State of Indiana, did then and there intentionally receive the property of Ruth Kercheval, deceased, to-wit: drinking glasses, which

property had been the subject of theft, then and there being contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

4. The Court of Appeals of Indiana, in *Weekley v. State* (1981), Ind.App., 415 N.E.2d 152, stated that exceptions to this rule fell into two categories:

"(1) where the necessary proof on the substantive charge is identical with that required for conviction on the conspiracy count, and (2) the so-called 'Wharton's Rule' which says that if there must be two or more people involved in order to commit the substantive offense and those persons are acquitted thereof, they cannot be convicted of a conspiracy to commit that crime. [Citations omitted. Footnote omitted.]" *Id.* at 157.

■ Likewise, Hossman's contention that the wording of the burglary information made theft a lesser included offense, and resulted in a violation of the Double Jeopardy Clause, has no merit. The burglary information relied on the theft of the glasses from the Kercheval house as the intended felony upon which the burglary was based. Again, Hossman's prior trial and conviction were for receiving stolen property. Therefore, as we noted above, Hossman's Fifth Amendment rights, preventing Double Jeopardy, were not violated by the trial and conviction for conspiracy and burglary.

*Issue Two*

Hossman further argues that the trial court erred in excluding evidence that would demonstrate alleged bias and prejudice on the part of a state witness. Hossman alleged that Crumpton impersonated him while making a threatening phone call, from the jail, to the prosecutor. During a full cross-examination by Hossman's attorney, Crumpton denied making the call and stated that Ritchie Norris, a cell mate, had made the call. During the direct examination of Norris by Hossman's attorney, the trial court sustained the State's objection to any testimony regarding the phone call. Hossman's attorney made an offer to prove that Norris would have testified that Crumpton made the threatening call. Hossman asserts that this exclusion of evidence denied him his Sixth Amendment right of confrontation and prevented him from demonstrating Crumpton's bias, prejudice, and interest in an adverse outcome for Hossman's case.

■ The primary interest protected by the Sixth Amendment confrontation clause is the right to cross examination. U.S.C.A. Const.Amend. 6; *Douglas v. Alabama* (1965), 380 U.S. 415, 418, 85 S.Ct. 1074, 1076–77, 13 L.Ed.2d 934, 937; *B.M.P. v. State* (1983), Ind.App., 446 N.E.2d 17, 19. It is only where there is a total denial, during cross examination, to a crucial area bearing upon the credibility of a state witness that Sixth Amendment concerns are raised. *Gilbert v. State* (1981), Ind.App., 426 N.E.2d 1333. Otherwise, "any lesser curtailment is reviewable only for an abuse of discretion." *Id.* at 1336.

■ Accordingly, Hossman's contention that his Sixth Amendment rights were violated is without merit. Hossman's attorney fully questioned Crumpton about the telephone call during cross examination; his rights were not denied. Instead, the court curtailed the direct examination of Norris who was Hossman's witness. Thus, the complaint that he was denied his right of confrontation is unfounded.

■ Hossman's assertion that the trial court erred in excluding Norris' testimony regarding the telephone call is incorrect. The admission or rejection of evidence is in the sound discretion of the trial court. *Fisher v. State* (1984), Ind., 468 N.E.2d 1365; *Dresser v. State* (1983), Ind., 454 N.E.2d 406; *Parrish v. State* (1983), Ind., 453 N.E.2d 234. We will reverse only when it is shown that the trial court manifestly abused its discretion and the complaining party was denied a fair trial. *Henderson v. State* (1983), Ind., 455 N.E.2d 1117. Hossman correctly points out that the credibility of a witness may be attacked by showing that he has an ulterior motive for testifying. *Hall v. State* (1978), 267 Ind. 512, 371 N.E.2d 700. However, here Hossman's attorney was able to fully cross examine Crumpton. In excluding the testimony regarding the alleged telephone call, the trial court was merely excluding an irrelevant side issue. Evidence is relevant if it has a logical tendency to prove a material fact. *Wagner v. State* (1985), Ind., 474 N.E.2d 476. Furthermore, the trial court has broad discretion in determining the relevancy of evidence. *Id.* Therefore, as there is no indication of an abuse of discretion, we find no error in the trial court's exclusion of this evidence.

*Issue Three*

█ Finally, Hossman argues that he was denied a fair trial when the trial court admitted evidence of past acts. However, Hossman misstates the evidence. The State questioned Crumpton and Norris and elicited evidence that Crumpton had sold goods to Hossman on several occasions. However, the State never refers to or characterizes these items as stolen property. Instead, the State uses this testimony to demonstrate a prior relationship between Crumpton and Hossman. Therefore, Hossman's argument that he was denied a fair trial by the State's presentation of evidence that on several occasions he purchased stolen goods is without merit.

█ Even if the State had referred to the goods purchased from Crumpton on prior occasions as stolen property the testimony would have been admissible. While evidence of criminal acts other than those charged is usually inadmissible as proof of a defendant's guilt, such evidence may be admitted to show intent, motive, purpose, identification, or common scheme or plan. *Mason v. State* (1984), Ind., 467 N.E.2d 737, 739; *Hare v. State* (1984), Ind., 467 N.E.2d 7, 18; *Hill v. State* (1983), Ind., 445 N.E.2d 994, 995. Those acts committed prior to the crime charged, as well as those committed afterwards, may be used to show common scheme or plan. *Mason*, at 739. In addition, a crime for which the defendant has been acquitted is admissible to show these factors. *Hare*, at 18. "By showing common scheme or plan, the admission of the other crimes committed by the defendant are supportive of identification, intent, or state of mind of the defendant." *Mason*, at 739. Therefore, although the State did not characterize Hossman's prior purchases as those of stolen goods, any references of this sort would have fallen under this recognized exception. Clearly, Hossman was not denied a fair trial.

We therefore affirm the judgment of the trial court.

NEAL and ROBERTSON, JJ., concur.