Fred J. OTTO, Appellant-Defendant,

v.

STATE of Indiana, Appellee-Plaintiff.

No. 2–876A298.

Court of Appeals of Indiana,
Fourth District.

Jan. 14, 1980.

Robert W. Hammerle, Indianapolis, for appellant-defendant.

Theodore L. Sendak, Atty. Gen., Charles D. Rodgers, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CHIPMAN, Judge.

Pursuant to a search warrant, five officers of the Indianapolis Police Department conducted a raid on a residence located at 6437 East 82nd Street in Indianapolis. When the officers arrived they saw two men, Joseph Bobo and appellant Fred Otto, sitting on a couch in front of a picture window. Upon noticing the officers the men ran toward the back of the house. Otto was apprehended on the back porch and returned to the living room. Officer Flowers read him his rights and questioned him concerning the contents of a bottle which was on a coffee table in front of the couch. Otto replied the bottle contained liquid opium and that it belonged to Bobo.

Officer Flowers testified Otto gave his address as 6437 East 82nd Street and that shortly before Otto was taken to police headquarters he retrieved a shirt and shoes from a closet. Otto admits retrieving his shoes from an alcove in the hallway but denies getting a shirt. He testified he was merely visiting Bobo and that he had taken off his shoes and placed them in the alcove to prevent Bobo's dog from playing with them. Otto vehemently denied telling Officer Flowers he lived at the residence; he testified he rented a room from Felicia Kemper at 4615 Boulevard Place at the time of his arrest.

Following a jury trial Otto was convicted of possession of a controlled substance and sentenced to a determinate prison term of ten years.

■ The sole issue we address concerns the State's cross-examination of Otto's witness, Felicia Kemper. Under questioning by the State Ms. Kemper was forced to admit dangerous drugs had been seized from her residence at 4615 Boulevard Place during a raid on January 20, 1976. Although she was not arrested as a result of the incident the State admitted the question was designed to test her credibility. The Attorney General's brief argues the

question was proper as it did not inquire about past convictions, only the fact of the drug raid. We could not disagree more.

■ The basis for our disagreement is two-fold. First, it has long been the law of this state that a witness may not be impeached by extraneous acts of misconduct which are not reduced to a conviction. *Chambers v. State,* (1979) Ind., 392 N.E.2d 1156; *Swan v. State,* (1978) Ind., 375 N.E.2d 198. *See* IIIA Wigmore, Evidence §§ 980–80A (Chadbourn rev. 1970). Ms. Kemper was not even arrested as a result of the January 20 drug raid.

■ It is equally well established that a witness may be impeached only by proof of crimes involving dishonesty or false statement or crimes of an infamous nature. *Ashton v. Anderson,* (1972), 258 Ind. 51, 279 N.E.2d 210. Even if Ms. Kemper had been arrested and convicted as a result of the January 20 incident, no drug-related crime falls under those crimes designated as infamous[1] in *Ashton* and we fail to see how drug use or involvement has any bearing on a witness' propensity to tell the truth.

Having found this question clearly improper we must now determine whether the error mandates reversal. We have carefully considered the evidence in light of Indiana's harmless error standard and conclude this case should be reversed and remanded for a new trial.

■ In determining if the erroneous admission of evidence was harmless error, the question is not whether there is sufficient evidence to support the conviction absent the evidence, but whether the evidence was likely to have a prejudicial impact on the jury. *Morris v. State,* (1979) Ind.App., 397 N.E.2d 1056. We have no doubt that the question asked by the prosecutor had a prejudicial impact on the jury. The key issue at Otto's trial was whether he constructively possessed the prohibited narcotic substance. As our case law indicates, a

---

1. The *Ashton* court noted it was bound by Ind.Code 34–1–14–4 which permits impeachment by showing prior convictions for crimes which would have rendered a witness incompe-

tent. Those crimes are: treason, murder, rape, arson, burglary, robbery, kidnapping, forgery and wilful and corrupt perjury.

possessory interest in the premises upon which drugs are found is of great importance in resolving this question. *Hutcherson v. State*, (1978) Ind.App., 381 N.E.2d 877; *Mills v. State*, (1978) Ind.App., 379 N.E.2d 1023; *Martin v. State*, (1978) Ind. App., 372 N.E.2d 1194. Otto vigorously contended at trial that he did not live at 6437 East 82nd Street; he claimed his address was that of Ms. Kemper's, from whom he rented a room. Only two witnesses testified for the defense—Otto and Ms. Kemper. Thus, Ms. Kemper was the only witness, other than the appellant himself, to testify that Otto did not live at the searched residence. By improperly impeaching Otto's only corroborating witness with a reference to her association with drug users the State surrounded her testimony with an aura of suspicion and guilt by association. This was improper.

It has often been said in this jurisdiction that a criminal defendant is entitled only to a fair trial, not a perfect one. *White v. State*, (1971), 257 Ind. 64, 272 N.E.2d 312. Otto received neither.

Reversed and remanded.

MILLER, P. J., and YOUNG, J., concur.