**Darryl Bernard CURRIE, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 48A04–8608–CR–254.

Court of Appeals of Indiana, Fourth District.

Sept. 16, 1987.

Rehearing Denied Oct. 21, 1987.

William Byer, Jr., Byer & Gaus, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

Darryl Bernard Currie appeals his conviction for burglary, a Class C felony. On appeal, he asserts that the trial court erred by permitting a police officer to testify as to statements made by Currie during a custodial interrogation. We reverse on this issue and therefore, do not address the other issues raised by Currie.

Currie was arrested in the early morning hours of November 20, 1985. Later that day, a probable cause hearing was held.

At the hearing, the court informed Currie of his rights and the charges filed against him. After being advised of his rights, Currie told the court that he did not have the funds to retain private counsel. The court then appointed a public defender to represent Currie. Currie was remanded to the custody of the Madison County Sheriff and returned to the Madison County Detention Center.

Later that same day at approximately 7:00 P.M., Detective Wasaluski, an investigator for the Anderson City Police, went to the jail, retrieved Currie and took him to the Anderson Police Station for questioning. Wasaluski knew that Currie had appeared in court that day but does not recall asking Currie if an attorney had been appointed for him. Wasaluski read Currie his rights, obtained a signed waiver and proceeded to question him about the burglary. Currie told Wasaluski that he did not want to make a written statement but would answer some questions. At trial and over Currie's objection, Wasaluski was permitted to testify as to the statements made by Currie during this interrogation.

The State argues that Currie never requested counsel at the time he was questioned and therefore, his waiver of rights was valid. This argument fails to acknowledge the import of Currie's request for counsel and the subsequent appointment of counsel at the probable cause hearing.

■ It is unquestionable that Currie was subjected to a custodial interrogation. Under the Fifth and Fourteenth Amendments to the United States Constitution, a suspect has the right to the presence and advice of counsel during custodial interrogations. *Miranda v. Arizona* (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Once the right to counsel is asserted, "the suspect is not subject to further interrogation until counsel has been made available to him unless the suspect himself initiates further communication with the police and knowingly

and intelligently waives the right previously invoked." *Sleek v. State* (1986) Ind., 499 N.E.2d 751, 754. (Citing *Oregon v. Bradshaw* (1983) 462 U.S. 1039, 103 S.Ct. 2830, 77 L.Ed.2d 405; *Edwards v. Arizona* (1981) 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378). "A valid waiver of the previously invoked right cannot be established by showing only that the suspect responded to further police-initiated interrogation." *Sleek, supra* at 755. Also, the fact that interrogation had not begun at the time the right was asserted is not significant. The law is clear that if the suspect "indicates in any manner and *at any stage* of the process that he wishes to consult with an attorney before speaking there can be no questioning." *Id.* at 755 (quoting *Miranda, supra* 348 U.S. at 444–45, 86 S.Ct. at 1612) (emphasis added by *Sleek*).

■ In the present case, Currie requested that counsel be appointed for him. Although the record does not reveal whether Currie specifically stated that he was choosing to remain silent, his request for counsel reflects a decision to consult with an attorney and deal with the authorities through that attorney.[1] Once he expressed his desire to have an attorney appointed for him, he was not subject to further interrogation by the police until counsel was made available unless he himself initiated the conversation with the police. The record is clear that Detective Wasaluski, not Currie, initiated the interrogation at issue. Therefore, any statements obtained during this interrogation should have been excluded at trial. Under the circumstances, the State has failed to show that Currie's request for counsel was "scrupulously honored." *See Moore v. State* (1986) Ind., 498 N.E.2d 1, 10.

"Violations of *Miranda* are subject to harmless error analysis." *Sleek, supra* at 755. "In determining if the erroneous admission of evidence was harmless error, the question is not whether there is sufficient evidence to support the conviction ab-

---

1. In effect, the request for counsel functions as an assertion of the right to remain silent. As stated by Justice Shepard:

   What good is the attorney, pray tell, if not to assure that the accused does not say something or consent to something that may not be in his best interests?

   *Moore v. State* (1986), Ind., 498 N.E.2d 1, 11, Shepard, J., dissenting.

sent the evidence, but whether the evidence was likely to have a prejudicial impact on the jury." *Otto v. State* (1980), Ind.App., 398 N.E.2d 716, 717. In the present case, Currie was charged with burglary, which requires proof that a person entered a building or structure of another person "with intent to commit a felony in it." IND.CODE 35–43–2–1. At trial, Wasaluski was improperly permitted to testify that Currie told him he was walking home on the night of the incident when he met a man. The man asked him if he wanted to make some money. Wasaluski stated that Currie said he went with the man and entered the building. Wasaluski then testified, "I asked him what he was going to take and he said he would have taken just about anything. He said that he had seen a tape recorder or radio that he would have taken." (R. 311) While other evidence presented at trial placed Currie in the building and showed the building had been ransacked, it was not as unequivocal and direct as Wasaluski's testimony. There was no other direct evidence of intent. Under these circumstances, we are unable to determine that Wasaluski's testimony had no prejudicial impact on the jury or that Currie's conviction does not rest to some degree on the inadmissible statements. *See Sleek, supra* at 755. Therefore, the error was not harmless.

Accordingly, the trial court is reversed and this case remanded for a new trial.

CONOVER, J., concurs.

RATLIFF, C.J., dissents with opinion.

RATLIFF, Chief Judge, dissenting.

I agree with the majority that Currie's interrogation by Detective Wasaluski was in violation of his *Miranda* rights in that the interrogation proceeded after Currie had invoked his right to counsel. *Wilson v. Murray* (4th Cir.1986), 806 F.2d 1232. However, I do not agree with the conclusion that such error was not harmless error.

In *Sleek v. State* (1986), Ind., 499 N.E.2d 751, our supreme court, citing *Malott v. State* (1985), Ind., 485 N.E.2d 879, said that *Miranda* violations are subject to harmless error analysis. The facts in this case persuade me that the *Miranda* violation here was harmless.

Upon arrival at the scene, the police and owner of the premises discovered a panel of an overhead door had been broken out. Inspection of the premises revealed a hole in the ceiling tile in the office as if someone had fallen through. Desk drawers had been ransacked, and a calculator had been disconnected and moved from its normal position. Upon further search of the building, Currie was found hiding behind some coveralls in a restroom. He was uncooperative, refused to place his hands on a locker as instructed, and resisted the officers.

A conviction for burglary requires proof that a person broke into and entered the building of another with intent to commit a felony therein. Indiana Code section 35–43–21–1; *Hossman v. State* (1985), Ind. App., 482 N.E.2d 1150, *trans. denied.* Conviction for burglary does not require proof of theft but only proof of an intent to commit the felony. *Bush v. State* (1980), Ind.App., 401 N.E.2d 796, *trans. denied.* In *Bush*, although nothing was taken from the building broken into, the office appeared ransacked. We held this evidence sufficient to support a finding of intent to commit theft, especially when coupled with evidence of flight. *Bush*, at 801.

Evidence of the manner in which the building was broken into and the ransacking of the desk and moving the calculator support the conclusion that the intruder intended to commit the felony of theft. *Meadows v. State* (1981), Ind., 428 N.E.2d 1232. This is particularly true here when coupled with evidence of Currie's hiding behind the coveralls in the restroom and his resisting the officers. *Bush.*

The breaking and entering clearly were established—a panel of the overhead door was broken out and Currie was found inside the building. Intent to commit theft likewise was established sufficiently. *Meadows; Bush.*

In determining whether or not the evidence admitted in violation of *Miranda* was harmless, appellate tribunals must

weigh both the inadmissible evidence and the properly admitted evidence supporting guilt to determine whether the properly admitted evidence, as compared with the tainted evidence, is overwhelming. *Mulry v. State* (1980), Ind.App., 399 N.E.2d 413, *trans. denied.* Because Mulry could not be linked to the offense absent his tainted admission his conviction was reversed. Here, however, there is ample evidence apart from Currie's statement to establish his guilt. This case also is distinguishable from *Owen v. State* (1986), Ind.App., 490 N.E.2d 1130, *trans. denied,* where we held the *Miranda* violation was not harmless in view of the defendant's denial of guilt and his attempt to explain his conduct. Here, unlike *Owen,* the credibility of Currie is not in issue. Thus, in my view, the determination of guilt was not affected by the *Miranda* violation in view of the clear and overwhelming character of the properly admissible evidence of guilt. Our supreme court has held that admission into evidence of statements made by a defendant in an interrogation in violation of *Miranda,* is not reversible error where such evidence is not decisive of guilt but is merely cumulative. *Works v. State* (1977), 266 Ind. 250, 362 N.E.2d 144. That is precisely the situation in this case.

For the reasons hereinbefore stated, I am compelled to conclude the *Miranda* violation in this case was harmless error. Therefore, I dissent.