OPINION ON REHEARING



ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Melvin C. Hamilton, *Appellant-Defendant,* | December 23, 2015 |
| v. | Court of Appeals Cause No. 65A04-1412-CR-592 |
| | Appeal from the Posey Circuit Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable James M. Redwine, Judge |
| | Trial Court Cause No. 65C01-1403-FA-71 |

**Barnes, Judge.**

[1] The State petitions for rehearing following our decision in *Hamilton v. State*, No. 65A04-1412-CR-592 (Ind. Ct. App. Sept. 9, 2015). The State does not contend that we erred in concluding that certain vouching testimony was inadmissible at

trial. However, it vigorously argues that we erroneously held that the improper admission of that evidence amounted to reversible error. We disagree and reaffirm our original decision but issue this opinion on rehearing for further clarification.

[2]    First, the State contends we failed to adequately address whether Hamilton fully preserved his claim of error in the admission of the vouching testimony. As related in our original opinion, the State elicited testimony from a forensic interviewer that the victims, D.P. and A.S., had not exhibited certain characteristics of having been coached, namely whether they had trouble recalling details or had to start their stories over again after being asked detailed questions; Hamilton did not object to this testimony. He did, however, object to subsequent testimony stating that D.P. and A.S. did not exhibit *any* signs of coaching.

[3]    The State faults us for assessing Hamilton's claim as one of indivisible ordinary reversible error instead of differentiating the unobjected-to testimony from the objected-to testimony. It is unclear what such differentiation would accomplish. The objected-to testimony was clearly improper, and Hamilton's objection should have been sustained per *Sampson v. State*, 38 N.E.3d 985 (Ind. 2015), and *Hoglund v. State*, 962 N.E.2d 1230 (Ind. 2012). Hamilton adequately preserved his claim the State introduced improper vouching evidence against him.

[4]     We recognize that *Hoglund* stated, "'the erroneous admission of evidence which is cumulative of other evidence admitted without objection does not constitute reversible error.'" *Hoglund*, 962 N.E.2d at 1240 (quoting *Wolfe v. State*, 562 N.E.2d 414, 421 (Ind. 1990)). Here, the interviewer's final, objected-to statement that D.P. and A.S. did not exhibit *any* signs of coaching is not merely cumulative of the prior unobjected-to testimony regarding two specific indicators of coaching. It includes a much broader range of possible signs of coaching beyond the two specifically mentioned. As such, the final statement was independent from, and potentially more damaging and prejudicial than, the preceding testimony.

[5]     The State also argues our ultimate holding that admission of the vouching testimony constituted reversible error conflicts with *Hoglund*. Specifically, the *Hoglund* opinion held that the child victim's testimony in that case "was substantial evidence of Hoglund's guilt apart from the erroneously admitted vouching testimony" and also observed, "The testimony of a sole child witness is sufficient to sustain a conviction for molestation." *Id.* at 1238.

[6]     We submit that our original holding regarding reversible error is consistent with longstanding caselaw, as well as the purpose of the rule against vouching testimony as recently buttressed by our supreme court in *Sampson*. Our supreme court has determined that "indirect" vouching testimony such as that introduced in Hamilton's case is wrong because it amounts to improper "'testimony that the child witness is telling the truth.'" *Sampson*, 38 N.E.3d at 992 (quoting *Hoglund*, 962 N.E.2d at 1237). Such testimony "'is at odds with

[Indiana] Evidence Rule 704(b).'"  *Id.* at 989 (quoting *Hoglund*, 962 N.E.2d at 1237).  There is no exception to this rule for child sex abuse cases.  *Id.* (quoting *Hoglund*, 962 N.E.2d at 1237).

[7]  As our supreme court has observed, "Evidence which would support the credibility of a person cannot be said to be harmless when the conviction rested primarily on the credibility of the witness."  *Traver v. State*, 568 N.E.2d 1009, 1013 (Ind. 1991) (citing *Mitchell v. State*, 259 Ind. 418, 424–25, 287 N.E.2d 860, 864 (1972)).  Moreover, it has been repeatedly held that when reviewing a claim of preserved reversible error, "The question is not whether there is sufficient evidence to support the conviction absent the erroneously admitted evidence, but whether the evidence was likely to have had a prejudicial impact on the jury."  *Camm v. State*, 812 N.E.2d 1127, 1137 (Ind. Ct. App. 2004) (citing *Currie v. State*, 512 N.E.2d 882, 883-84 (Ind. Ct. App. 1987), *trans. denied*), *trans. denied*; *see also Shepherd v. State*, 902 N.E.2d 360 (Ind. Ct. App. 2009), *trans. denied*; *Otto v. State*, 398 N.E.2d 716, 717 (Ind. Ct. App. 1980).  Indeed, our supreme court has adopted the United States Supreme Court's following definition of non-constitutional reversible error:

> "If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand . . . But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected.  *The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error*.  It is rather, even so, whether the

error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand."

*Miller v. State*, 575 N.E.2d 272, 275 (Ind. 1991) (quoting *Kotteakos v. United States*, 328 U.S. 750, 764-65, 66 S. Ct. 1239, 1248 (1946)) (emphasis added).

[8] In light of this authority, we decline to hold that the erroneous introduction of vouching evidence in Hamilton's case, over objection, was harmless simply because D.P. and A.S. testified about the alleged molestations. Such testimony clearly was sufficient to support Hamilton's convictions, but that is not the sole consideration when determining whether there was reversible error. Our supreme court has deemed that vouching testimony such as that given here is inadmissible because it violates Evidence Rule 704 and improperly allows one witness to comment on another witness's credibility, and that there is no special exception to this rule for child sex abuse cases. Unless there is to be a special exception to the general harmless error rule for child sex abuse cases, we adhere to what we said in our original opinion:

> [I]t is extremely difficult to imagine a scenario in which [vouching] testimony, where an objection to it was raised at trial, is harmless in a case such as this where a conviction depends entirely upon assessing the credibility of the alleged victim. Otherwise there would seem to be little point in having such a rule.

[9] *Hamilton*, slip op. at 11.

[10] With these observations, we reaffirm our original decision.

Kirsch, J., and Najam, J., concur.